## ADAMS et al. v. ROSCOE LUMBER CO.

(Supreme Court, Appellate Division, Second Department.   February 11, 1896.)

SALE ON CONDITION—WAIVER OF CONDITION—TITLE.

After delivery of goods sold on condition that the buyer would execute a note for the price, the seller demanded the note, and, after waiting a few days without demanding a return of the goods, sent an agent for the note, who was told to wait until the return of the buyer's absent business associate. The agent called again, two days later, and was given the same answer, and waited another day without demanding the goods, and was then told that they had been sold to defendant. The agent testified that, after the second effort to get the note, he was willing to wait "a few days more" for it. Held, that the condition was not waived so as to pass title.

Appeal from circuit court.

Action of replevin by Edwin W. Adams and another against the Roscoe Lumber Company. From a judgment entered on a verdict directed for plaintiffs, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

George W. Stephens, for appellant.
Robert H. Wilson, for respondents.

BARTLETT, J.   The plaintiffs agreed to sell a lot of lumber to James Mackintosh, and he agreed to pay therefor by giving them his

note at 60 days from the date of delivery. The lumber was delivered, but the note was not given. The lumber was soon afterwards transferred by Mr. Mackintosh to the Roscoe Lumber Company. The plaintiffs thereupon brought this replevin suit against the corporation, on the ground that, inasmuch as the delivery to the original purchaser was conditional upon his giving the promised note, his failure to comply with that condition left the title to the lumber still in them. The record leaves no doubt that the claim of the plaintiff that the delivery was conditional is correct. The letter which states the terms of the contract was put in evidence, and it was admitted upon the trial that the lumber in controversy was sold upon the conditions stated in that letter, and that the plaintiffs were to receive a note for 60 days. Nothing was really litigated, except the question whether the plaintiffs had not waived the condition by failing to insist upon the immediate giving of the note. About the time that the delivery of the lumber was completed, the plaintiffs addressed a letter to Mr. Mackintosh, asking him to send them his note, in accordance with the terms of sale. Three or four days later, their representative called at his place of business and asked for the note, but was told that he would have to see Mr. Chapman about it. Mr. Chapman was connected with Mr. Mackintosh in business, but was absent. The plaintiffs' agent called again, about two days subsequently, and was told substantially the same thing. On a third visit, the next day, he learned that the business had become that of the Roscoe Lumber Company, which declined to have anything to do with the settlement of Mr. Mackintosh's accounts.

The testimony upon which the defendant relies as conclusively establishing a waiver was given by the plaintiffs' agent on cross-examination in reference to his second effort to get the note. That testimony was as follows:

"Q. You didn't demand the return of the lumber that day? A. No, sir. Q. And you had no intention of demanding the return of the lumber, if you didn't get a note that day, did you? A. I did not consider the situation in that aspect at all. Q. You were perfectly willing to wait, then, another day, for the note, were you not? A. Yes. Q. And you would have kept on waiting until it suited the convenience of Mr. Mackintosh to give you a note, if it had not been for the fact that you found that the Roscoe Lumber Company had become the owner of the yard,—isn't that the fact? A. No, sir; I would not. Q. How long would you have waited? A. Not over a few days more. Q. But you were willing to wait a few days more? A. Yes."

Do these answers necessarily manifest an intention on the part of the witness, acting for the plaintiffs, to waive the condition in their behalf? I think not. The most that can fairly be said, it seems to me, is that they constitute evidence on the question of the alleged waiver, to be considered with such other evidence as there is in the case bearing upon that subject. It might very well be that the witness was willing to wait a few days for the note, until the return of the particular person who had charge of the matter for the purchaser, while he would not have consented to wait at all, if anything had occurred to suggest a disposition to withhold the note absolutely. When the proof was all in, the question was, what inference ought to be drawn from the facts, so far as the alleged waiver was con-

cerned? This question the trial judge was called upon to determine, as both parties, by requesting the direction of a verdict, had consented that it should be withdrawn from the jury. I think that the trial judge decided it correctly. No harm could possibly have been done to the defendant by receiving in evidence its annual report.

The judgment should be affirmed. All concur.