v. Jones, 147 N. Y. 59, 41 N. E. 409.    In the late case of Smith v. Matthews, 152 N. Y. 157, 46 N. E. 164, it was said, viz.:

"The amount of damages in an action for libel is peculiarly within the province of the jury.  The jury may give nominal damages, or damages to a greater or less amount, as they 'shall determine.  The jury may accord damages which are clearly compensatory, or damages beyond mere compensation, called 'punitive damages,' or vindictive damages by way of example or punishment, when, in their judgment, the defendant was incited by actual malice, or acted wantonly or carelessly, in making the defamatory charge."

Upon a review of the whole case, we are of the opinion that we ought not to disturb the verdict.    Warner v. Publishing Co., 132 N. Y. 181, 30 N. E. 393.

Judgment and order affirmed, with costs.    All concur.

---

(20 App. Div. 114.)

### PICKETT v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department.  July 29, 1897.)

1. TRIAL—DIRECTION OF VERDICT—REVIEW ON APPEAL.
    Where both parties ask the direction of a verdict, the court is authorized to pass on the facts, and his findings, as evidenced by the verdict, are conclusive, if there is any evidence to support them.

2. INSURANCE—PROOFS OF DEATH—EVIDENCE.
    Death proofs, executed and delivered to the insurer as required by the policy, are admissible to show compliance with the requirement.

3. SAME—DEFECT OF PARTIES—WAIVER.
    Defect of parties plaintiff, not apparent on the face of the complaint, is waived by omission to set up such defect in the answer.

4. SAME—EVIDENCE.
    The objection that one who has a joint interest in the policy sued on is not a party plaintiff is met by the testimony of the alleged joint owner that she has and claims no interest in the policy.

5. SAME—APPLICATION—SIGNATURES BY BENEFICIARY.
    A policy of life insurance cannot be avoided on the ground that the signature of the applicant, with the knowledge of the agent, who was present, was written by the beneficiary in the presence and at the request of the assured, who could not write.

Appeal from special term, Cayuga county.

Action by Mary Pickett against the Metropolitan Life Insurance Company to recover on a policy.    From a judgment entered on a verdict directed in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Affirmed.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Frank S. Coburn, for appellant.
P. McLaughlin, for respondent.

HARDIN, P. J.    On the 27th day of July, 1891, the defendant executed and delivered to the plaintiff its policy of insurance upon the life of one Edward Fanning, who was a brother of the plaintiff.    During the lifetime of Edward Fanning the plaintiff paid to, and tendered to, the defendant the amounts by the provisions of the policy required to be paid; and the defendant, by its policy, promised to pay to the

plaintiff, on the death of said Edward, if such death occurred after the expiration of one year from the issuing of the policy, the sum of $576. He died on the 26th of March, 1893, having lived more than one year after the issuing of the policy. The complaint alleges that the policy was issued to the plaintiff, a sister of the said Edward, "and she has ever since remained and now is the owner and holder thereof, and is entitled to payment thereon." The complaint further alleges that proofs of the death of Edward Fanning were delivered to the defendant, and that it denied its liability under said policy, and neglected and refused to pay to the plaintiff the amount due by the terms thereof. The answer of the defendant consisted of several denials, but admitted that it issued the policy on the 27th of July, 1891. It also alleged that the application "was not in fact" signed by Edward Fanning. It also alleged that he was not present, and "had no knowledge whatever that such application was being made, and knew nothing of the existence of said insurance, until long after the policy in question had been issued." It was also alleged in the answer that the policy of insurance "was procured from defendant by the plaintiff by false and fraudulent means, and by acting in collusion with one or more of defendant's agents in the perpetration of such fraud." Upon the trial evidence was given tending to support all the essential allegations of the plaintiff's complaint, and also tending to negative the allegations of the defendant's answer, so far as the same relates to any affirmative matters. At the close of the evidence each party asked for the direction of a verdict. Therefore the questions of fact were for the court to pass upon, and he did so in ordering a verdict for the plaintiff; and, as neither party asked to have any question of fact submitted to the jury, the findings of fact made by the court, as evidenced by the verdict, should be sustained. Fogarty v. Hook, 84 Hun, 165, 32 N. Y. Supp. 555; Grogan v. Insurance Co., 90 Hun, 521, 36 N. Y. Supp. 687; Adams v. Lumber Co., 2 App. Div. 47, 49, 37 N. Y. Supp. 265.

2. The policy required the submission to the defendant of death proofs, and the same were prepared and executed by the plaintiff, and delivered to the defendant, and that fact was properly shown upon the trial; and it was proper to produce and offer in evidence such proofs to establish that the plaintiff had complied in that regard with the requirements of the policy. Helwig v. Insurance Co. (Sup.) 12 N. Y. Supp. 172, does not aid the contention of the defendant. In that case a statement accompanied the proofs of loss, and it was held that the statement could not be used as evidence against the plaintiff in an action on the policy.

3. It is contended in behalf of the defendant that the plaintiff's interest in the policy was a joint interest with one Rose McCabe. The complaint alleged that the plaintiff was the owner of the policy, and the proofs showed that the policy and receipt book were delivered to her, and that she paid all the premiums. In the policy there was provision made that the production of the policy and the receipt book, "signed by any person furnishing proof satisfactory to the company that he or she is * * * husband or wife, or relative by blood, lawful beneficiary of the insured, shall be conclusive evidence that

such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under the policy have been fully satisfied." The name of Rose McCabe is not mentioned in the policy. The answer did not set up the defense of nonjoinder or misjoinder of parties plaintiff. Code 'Civ. Proc. §§ 488, 498, 499. It has been repeatedly held that a defendant will waive his right to object to defect of parties plaintiff, not apparent upon the face of the complaint, by an omission to state the objection in the answer. People v. Telegraph Co., 31 Hun, 596. Besides, Rose McCabe was called as a witness at the trial, and testified expressly that she had no interest in the policy and made no claim thereto, and the effect of her evidence is to acquiesce in the sole ownership by the plaintiff of the policy and the moneys due thereon. Grogan v. Insurance Co., 90 Hun, 521, 36 N. Y. Supp. 687.

4. It appears by the evidence that, at the time the application was made for the insurance, the plaintiff and her sister were present, and that the agent who solicited the insurance, and who supervised the execution of the application, was made aware that the insured, Edward Fanning, could not write, and when the application had been filled out and completed, the sister, at his instance and in his presence, was asked to place his name to the application; and, although it was not written by his own hand, yet it seems to have had his assent; and there is no force in the contention of the defendant that the application or the policy should be avoided by reason of the circumstance that the signature to the application was written by the sister of the insured at his instance and with his consent. Some exceptions were taken during the trial which have received attention, but require no special comment. We are of the opinion that the trial judge was warranted in the conclusion which he reached, and which is evidenced by the verdict which he ordered. No counterclaim is set up in the answer, and no specific question was raised at the trial as to the amount the plaintiff was entitled to recover. Practically the amount recovered, as ordered, was acquiesced in and assented to by the defendant.

We are of the opinion that the verdict, and judgment entered thereon, should be sustained, and that the order denying a motion for a new trial should also be sustained. Judgment and order affirmed, with costs. All concur.