GEORGE F. ARMAND, as Administrator, etc., Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, June 20, 1929.

*Edward M. Grout* and *Paul Grout* [*Charles B. LaVoe* of counsel], for the appellant.

*William F. Wund,* for the respondent.

FRANKENTHALER, J. On April 18, 1927, William Armand made application for a policy of insurance upon his life in the sum of $1,000, designating his father, William F. Armand, as beneficiary. The policy was issued under date of application, but was not physically delivered to the assured until April twenty-ninth. On August 23, 1927, the latter died of tuberculosis at a sanitarium in Sullivan county. His father, the beneficiary, died on October 22, 1927. This plaintiff was appointed administrator of the beneficiary's estate, and, upon the refusal of the defendant to make payment under the policy, instituted this action.

Defendant interposed various defenses, but only one is urged on this appeal, the others having been abandoned at the trial.

The application contained the following question and answer: " (18) Have you been attended by a physician during the past five years? If yes, give name of complaints, dates, how long sick, and names of physician or physicians. *No.*"

The proof showed that between the date of the application and the delivery of the policy (April eighteenth and twenty-ninth, respectively) the assured had been attended by a physician on two days, to wit, on April twenty-first and twenty-fifth. It was shown by the testimony of the physician that the assured was treated by him. Proof of the nature of the illness was excluded upon the objection of plaintiff's counsel.

The statement made in the application was true when made, but intermediate between the date of the application and the delivery of the policy plaintiff visited a physician twice. Was it his duty to take the initiative in disclosing that information to

the insurer? The insurance contract provides that the policy shall not become effective until delivery thereof. If a serious condition as to the state of his health developed, such as the necessity of a major operation (*Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813; affd., 227 N. Y. 575; *Equitable Life Assur. Soc.* v. *McElroy*, 83 Fed. 631), a failure to disclose this situation prior to the delivery of the policy would constitute a deliberate fraud and avoid the policy. This result would follow irrespective of section 58 of the Insurance Law, which makes the policy and the writings attached thereto the exclusive contract between the parties. The insurer would be deemed to have been induced by fraudulent concealment to complete the last step necessary to bring the contract into existence.

The theory of avoidance is, therefore, not based upon the fact that the warranties in the application are false in the sense that, being continuing ones until the date of the delivery of the policy, they must be read in the light of developments transpiring by that date. Such a construction would in effect be a nullification of the provisions of section 58. It would require resort to matters outside the written contract to interpret the same. The fact is that the statements in the application were all true, and they did not automatically become false by subsequent developments unless at the time of delivery the questionnaire was presented to the insured by the company's agent for a recheck of the accuracy of the answers and was reaffirmed by the applicant. There did exist, however, a duty to disclose material and serious changes in his physical condition arising subsequent to his application, and a deliberate violation of this duty would be a fraud which would vitiate the contract.

Was there such fraud in the instant case? We are referred to *Travelers Insurance Co.* v. *Pomerantz* (246 N. Y. 63), in which the court held that there was such fraud in the representation by the insured that he had received no medical or surgical attention within a period of five years when in fact he had received medical attention a dozen times within that period, at least one medical consultation had been held, and less than two years before digitalis has been prescribed for him. Such a showing by the insurance company was held to establish a *prima facie* case for rescission on the ground of fraud. It is evident, where an insured has had a dozen medical visits during the past five years, and in the face of this alleges in his application that he has had no medical attention during that period, that his statements cannot be attributed to a lapse of memory but to deliberate misrepresentation. Similarly, in the case at bar, if the insured at the time of delivery of the policy had been confronted with his application and requested to

reiterate the truth of the statements contained therein, his omission to refer to the two very recent visits by a physician would constitute *prima facie* fraudulent concealment, and bring the situation within the rule of the *Pomerantz* case.

Here, however, there was no proof of fraudulent concealment. The failure to speak may have been due to inadvertence or neglect. The visits paid to the physician may have related to trifling or insignificant ailments. There is no evidence of a deliberate falsehood, as in the *Pomerantz* case, where the insured was squarely confronted with a question which he categorically answered in the negative. In such a contingency the burden would be upon the assured or his representatives to show that the misrepresentation was not material. In the instant case, however, no false statement was made by the assured, and the burden, therefore, rested upon the insurer to prove that there had been such concealment of material facts which ought to have been revealed as would constitute a fraud upon it. This burden the insurer has failed to sustain.

Nor does the failure of the assured to talk on the subject to the agent who delivered the policy involve him. He was asked no questions by the agent. Moreover, unlike the case of *Stipcich* v. *Metropolitan Life Ins. Co.* (277 U. S. 311), which holds that by force of the Oregon statutes (Oregon Laws, § 6435) the agent who solicits and procures the application for life insurance is the agent of the company, the agent here, by the very provisions of the policy, was not the representative of the insurer.

Of course the concealment by an insured subsequent to the application and prior to delivery of the policy that he was about to undergo a serious operation for ulcer in the intestines (*Goldstein* v. *New York Life Ins. Co., supra*), or an operation for appendicitis (*Equitable Life Assur. Soc.* v. *McElroy, supra*), would occupy quite another category. Similarly, the concealment by the recipient of the policy as agent for the insured, having knowledge that the insured is in extremis or suffering from acute pneumonia, would also be deemed deliberate fraud. These instances do not present cases of inadvertence or neglect, but intentional concealment with ulterior motives.

Defendant has failed to sustain the defense of fraudulent concealment between the date of the application and the time of delivery of the policy, which is the one defense upon which it relied, and the judgment is, therefore, affirmed, with twenty-five dollars costs, with leave to appellant to appeal to the Appellate Division.

All concur; present, Bijur, Lydon and Frankenthaler, JJ.