THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant, v. HENRY DRUCKER, an Alleged Incompetent Person, and Another, Respondents.

First Department, March 15, 1935.

*Solon Weit* of counsel [*Merwin F. LeVine* with him on the brief; *Solon Weit*, attorney], for the appellant.

*B. Bayard Strell* of counsel [*Hamilton Anderson*, attorney], for the respondents.

O'MALLEY, J. The plaintiff insurance company sues the insured, Henry Drucker, an alleged incompetent, and his committee to cancel and rescind a policy of life insurance upon the life of Drucker in the sum of $5,000. The action is predicated upon the ground that declarations contained in the application were false and untrue in that the insured concealed at the time that the application was made that he carried life insurance in the sum of $2,000 with the New York Life Insurance Company, under a policy entitling him to disability benefits; concealed that he had made application for other insurance to the same company which had been declined; and upon the further ground that at the time the entire first premium was paid and the policy delivered, the health of the insured was not the same as that described in the application.

The defendants counterclaimed for disability benefits under the policy. The complaint has been dismissed and defendants awarded judgment on their counterclaim.

The court has found and it is conceded by the defendants that at the time application was made the insured had a policy of life insurance in the sum of $2,000 in the New York Life Insurance Company which carried disability benefits, a fact not disclosed in the application to the plaintiff. In the application the insured was requested to give " particulars of all life insurance, including war risk and group insurance, carried in this and other companies or associations." In response to the request for such information he answered " None." We are of opinion that there was here a misrepresentation of a material fact. The insured was earning only thirty-five dollars a week and it may not be said that the concealment that the insured already had a policy on his life in which he was entitled to disability benefits was not material. " Every fact which is untruly stated or wrongfully suppressed must be regarded as material if the knowledge or ignorance of it would naturally and reasonably influence the judgment of the underwriter in making the contract at all or in estimating the degree or character of the risk or in fixing the rate of premium." (*Klapholtz* v. *New York Life Ins. Co.*, 218 App. Div. 695, 698.)

It is also conceded that the insured failed to disclose that he had made further application to the New York Life Insurance Company for additional insurance prior to the time that he signed

the application on which the policy here involved was issued. The application here was made November 20, 1930. The application for additional insurance to the New York Life Insurance Company was made October seventh of the same year.

In declarations to the medical examiner, made a part of the application, the insured made answers to questions propounded as follows: " Q 4A. Has any company or association ever declined to grant insurance upon your life, or modified your application as to amount, kind or premium from that applied for? A. No."

In the application itself he made the following answers to other questions propounded: " 18. Has any company or association ever declined to grant insurance on your life? If answer is yes, give name of company and date. A. No. * * *

" 20. Are you negotiating, or have you applied for other insurance on your life at this time in this or any other company or association? If so, give name of company or association and amount. If Disability Income is included, state amount. A. No."

The evidence shows and the court found that the application made on October seventh to the New York Life Insurance Company had in fact been declined at the time the application herein had been made. It also appears that the insured had been physically examined and that the agent who presented his application had been notified on three different occasions that the insured would have to submit to further physical examination as he was suffering from high blood pressure. While it was not shown that these requests to the agent were communicated to the insured, or that he had actual knowledge that his application had been declined, the fact remains that the representation that no such declination had occurred was false, whether knowingly made or not.

It is also true that the insured knowingly concealed that he had made application. Certainly it was incumbent upon him to disclose this material fact which was within his personal knowledge. (*Guardian Life Ins. Co. of America* v. *Katz*, 243 App. Div. 11, and cases cited.)

In the application the insured agreed that if the full first premium was not paid at the time the application was made (which was not done), the policy was not to take effect " until issued by the Company and received by me and the full first premium thereon is paid, while my *health*, habits and occupation are the same as *described* in this application." (Italics ours.) Concededly, when the policy was delivered, the insured " was found to be of unsound mind and suffering from a mental disease characterized by the existence of a double life, a state of reality and a state of fantasy." In view of this finding, it follows, of course, that the health of

the insured was not " the same as described in this application," wherein the insured had stated that he had never had " insanity."

The trial justice ruled, however, that breach of this condition precedent did not void the policy for the reason that the insured, because of his mental condition, was incapable of appreciating that a change in health had taken place and was, therefore, excused from making such disclosure to the plaintiff.

In so holding we are of the opinion that the trial justice misconceived the theory of the plaintiff's contention in this respect. The plaintiff is not restricting its right to rescind on fraud, but relies upon the breach of an express condition precedent, namely, that the policy would not be effective unless when delivered the insured's health was the same as that described in his application. (*Drilling* v. *New York Life Ins. Co.*, 234 N. Y. 234; *Klein* v. *Prudential Ins. Co.*, 221 id. 449, 452.) His health described in the application showed a condition of no insanity. Concededly, when the policy was delivered, such insanity existed. It was, therefore, immaterial either that the insured had knowledge of this change in health, or that he refrained or was unable to disclose it to the plaintiff because of his mental condition.

It follows, therefore, that the judgment should be reversed, with costs, the counterclaim dismissed and judgment directed for the plaintiff in accordance herewith, with costs.

MARTIN, P. J., McAVOY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, the counterclaim dismissed and judgment directed for the plaintiff in accordance with opinion, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.