BLANCHE HILL, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.*

Second Department, April 8, 1940.

* Revg. 171 Misc. 622.

*David Friedman* [*Milton Friedman* with him on the brief], for the appellant.

*Arthur D. Brennan* [*James D. Hopkins* with him on the brief], for the respondent.

HAGARTY, J. This is an action on an industrial insurance policy issued by the defendant on the life of one Harry Hill on the 1st day of July, 1937. The insured, husband of plaintiff, died of nephritis on the 15th day of January, 1938. By way of separate defense, breach of condition is pleaded.

It is not disputed that at the time the policy was issued the insured was a sick man, that he had previously had a kidney removed, and that he had been attended by a Doctor Greenfield on five separate occasions within two years prior to the issuance of the policy. For these reasons, the defendant claims that a condition of the policy was breached, rendering the policy voidable at the option of the defendant. Plaintiff, in avoidance of the breach of condition and in support of her claim that the defendant was estopped from asserting it, testified that at the time of the making of the application, the company's agent was fully informed of all the facts by the insured. The application was not annexed to the policy.

The defendant's agent was possessed of the usual authority to write applications, collect first premiums and deliver policies. Knowledge by him was imputable to the company. His denial of knowledge in this case presented a question of fact, despite the presence in the policy of a provision notifying the insured that its terms could not be waived by an agent. (*Archer* v. *Equitable Life Assurance Society*, 218 N. Y. 18; *Bible* v. *John Hancock M. L. Ins. Co.*, 256 id. 458; *Lampke* v. *Metropolitan Life Ins. Co.*, 279 id. 157.)

Notice of lack of authority on the part of the agent contained in the policy does not affect a waiver resulting from the delivery of the policy itself nor the validity of a policy which had its inception upon delivery. The defendant seeks to avoid the effect of this rule by creating a *locus pœnitentiæ* of two weeks, during which, and after receipt of notice of the condition and the limitation of the agent's authority, the insured may surrender the policy and have returned to him the premiums paid. The policy contains the following provision:

" OPTION TO SURRENDER WITHIN TWO WEEKS. If this Policy is not satisfactory it may be surrendered for cancellation, within two weeks from its date of issue, at the District Office through which it was delivered, and the premiums paid will be returned." Nevertheless, if the testimony of the plaintiff is to be believed, the condition was waived at the time the policy was issued and delivered. The option afforded to the insured in the policy does not nullify the waiver. (*Axelroad* v. *Metropolitan Life Ins. Co.*, 267 N. Y. 437, 443.)

The application for the insurance signed by the insured, even though not attached to the policy, was relevant to the issue of fact involving the knowledge of the agent, and was properly admitted in evidence. Plaintiff's proof was to the effect that the insured, at the time of making the application and in the presence of the plaintiff, made a frank and full disclosure to the agent of his physical condition and earlier treatment by physicians. This the agent denied. The application of the insured is mute evidence in support of the denial, for in the application the insured denied that he ever had disease of the kidneys, denied that he was unsound in health, and denied that he had been under the care of any physician within the preceding three years. Although the application here is no part of the contract, and, therefore, inadmissible as such (Insurance Law, § 142, subd. 1), so much thereof as is pertinent is admissible for the purpose of enabling the triers of the fact to determine the issue as defined between the plaintiff and the agent, *i. e.*, whether or not the agent had been informed of the facts. (*Abbott* v. *Prudential Ins. Co.*, 281 N. Y. 375.) In so holding, we do not pass upon the effect of the amendment to subdivision 1 of section 142 of the Insurance Law (Laws of 1940, chap. 94), which went into effect on or about the 6th day of March, 1940, and after this appeal was argued. That question is not before us.

Further, we are of opinion that no error was committed in excluding a stipulation that, after the delivery of the policy, nurses attached to the Visiting Nurses' Association attended the insured for an illness from which he was then suffering, and that these nurses were paid by the defendant by virtue of a group form of

policy carried by the employer of the insured. Of course, upon receipt of knowledge of breach of condition during the lifetime of the insured, the insurer, if it desires so to do, must promptly exercise its election to void the policy. (*Steuernagel* v. *Supreme Council of R. A.*, 234 N. Y. 251; *McNaught* v. *Equitable Life Assurance Society*, 136 App. Div. 774, 777; *McClelland* v. *Mutual Life Insurance Co.*, 151 id. 264, 271.) But this proof was not material in the absence of a further showing that these nurses actually imparted their knowledge to the company. In any event, the fact that the insured was ill after the issuance of the policy was not notice or knowledge of the fact that he had been ill prior to the time the policy was issued or attended by a physician within two years prior thereto, which is the condition invoked by the defendant.

For the purposes of the new trial, we are of opinion that the sufficiency of the tender by the defendant of the accrued premiums is dependent upon the time when the defendant acquired knowledge of the alleged breach of condition. In its answer, the defendant alleges that it " has declared and now declares the said policy void, and the defendant has tendered and now tenders the return of all monies received by it as premiums upon said policy and always has been, and is now ready and willing to pay the same to the plaintiff." Inasmuch as the defendant by the terms of the policy is given an election whether or not to declare it void for breach of condition, it must affirmatively act to do so and, as an incident thereto, make a tender of the accrued premiums. Tender in court at the time of trial is sufficient, however, if knowledge of the breach of condition did not come to the attention of the defendant until after the death of the insured. If the knowledge was obtained prior to the death of the insured, the election of the company should have been made promptly, and acceptance of premiums thereafter would constitute such an election. Where knowledge is not acquired until after the death of the insured, the only question is whether or not the company is liable for the amount of the policy or the amount of the accrued premiums. Refusal to pay the proceeds of the policy, in effect, constitutes the election where knowledge is acquired after death and, upon suit by the claimant for the proceeds of the policy, tender in court of the accrued premiums is sufficient.

The judgment for defendant dismissing the complaint on the merits should be reversed on the law and the facts and a new trial granted, with costs to abide the event.

LAZANSKY, P. J., CARSWELL, TAYLOR and CLOSE, JJ., concur.

Judgment for defendant dismissing the complaint on the merits reversed on the law and the facts and a new trial granted, with costs to abide the event.