GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Plaintiff, *v.* SAMUEL E. AARON, Defendant.

Supreme Court, Special Term, New York County, April 5, 1943.

*Price H. Topping* and *D. Curtis Robertson* for plaintiff.

*Harry Mandell* for defendant.

BERNSTEIN, J. The plaintiff has brought this action to cancel and rescind its $20,000 policy of insurance on the life of the defendant, upon the ground that it had been procured by the defendant's fraudulent concealment of a fact material to the risk.

The application for the insurance, signed on August 5, 1941, called for an answer to the following question: " 19. Has any

company, association or other organization, on application or examination for insurance on your life, ever (A) Refused to issue or postponed action?'' The defendant answered the question: '' No ''. That answer was true at the time. The policy was issued under date of August 11, 1941, but, because of the defendant's objection to the elimination of a provision for the waiver of premium in the event of disability — an objection which he eventually withdrew — it was not delivered and paid for until September 25, 1941. Pursuant to a term of the application that '' there shall be no contract of insurance until a policy shall have been issued by the company and delivered by a duly authorized agent of the company and the first premium paid thereon, all during my lifetime and continued good health '', the policy thus did not become effective until September 25, 1941.

On September 10, 1941, the defendant applied to the Metropolitan Life Insurance Company for another policy on his life, in the amount of $62,790, and was examined for it by its physicians two days later. On September 17, 1941, that company, acting through its medical director, notified the defendant by letter that his medical examination disclosed conditions which were not altogether normal, but which might be temporary, and suggested that if he would furnish it with the name and address of his personal physician it would forward its findings to him to enable the defendant to benefit by his advice or treatment. Following this suggestion the defendant thereupon not only forwarded the desired information to that company, but had his physician write to it on the subject. All those transactions with the Metropolitan Life Insurance Company were had before the effective date of the policy issued by the plaintiff, but they were never communicated to it by the defendant.

It is a familiar proposition of the law of contracts that, where representations are made for the purpose of inducing another to enter into a contract, they continue to stand down to the time when negotiations are closed and speak as of the time when the contract is consummated and the minds of the parties meet. (*Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813, affd. 227 N. Y. 575; *Polachek* v. *New York Life Ins. Co.*, 147 Misc. 16, affd. 240 App. Div. 1028.) In a contract for insurance, material statements set forth in the application constitute continuing representations made as of the time of the delivery of and payment for the policy. As Mr. Justice Stone explained the rule and the reason for it: '' Insurance policies

are traditionally contracts *uberrimae fidei* and a failure by the insured to disclose conditions affecting the risk, of which he is aware, makes the contract voidable at the insurer's option [citing cases]. * * * But the reason for the rule still obtains, and with added force, as to changes materially affecting the risk which come to the knowledge of the insured after the application and before the delivery of the policy. For, even the most unsophisticated person must know that in answering the questionnaire and submitting it to the insurer he is furnishing the data on the basis of which the company will decide whether, by issuing a policy, it wishes to insure him. If, while the company deliberates, he discovers facts which make portions of his application no longer true, the most elementary spirit of fair dealing would seem to require him to make a full disclosure. [Footnote summarizing cases.] If he fails to do so the company may, despite its acceptance of the application, decline to issue a policy [citing cases], or if a policy has been issued, it has a valid defense to a suit upon it." (*Stipcich* v. *Metropolitan Life Ins. Co.*, 277 U. S. 311, 316, 317.)

Proof was tendered upon the trial of this action to establish that the disclosure of the rejection or postponement of insurance by the Metropolitan Life Insurance Company would have led the plaintiff to decline the defendant's contract. That established the misrepresentation as a material one. (Insurance Law, § 149, subd. 2.) Even without that proof it is reasonably inferable that rejection or postponement of insurance for physical infirmity by one insurer would have a great influence upon the willingness of another insurer to assume the risk. Such action by the one, coming to the knowledge of the applicant before the contract was finally consummated, imposed a duty upon him to disclose it to the other, and his intentional failure to do so constituted a fraudulent concealment which will warrant an avoidance of the contract. (*Equitable Life Assur. Soc.* v. *McElroy*, 83 F. 631, 636.)

The facts in this case are distinguishable from those in *Armand* v. *Metropolitan Life Ins. Co.* (134 Misc. 357, affd. without opinion 228 App. Div. 625), where the court said (p. 360): "Here, however, there was no proof of fraudulent concealment. The failure to speak may have been due to inadvertence or neglect. The visits paid to the physician may have related to trifling or insignificant ailments." Here, the defendant, dissatisfied with the form of policy tendered him by the plaintiff, apparently deferred its acceptance and car-

ried on negotiations with the Metropolitan Life Insurance Company for a different policy. When he was apprised of the rejection by the latter he promptly went back to the plaintiff and accepted its policy without further disclosure. To characterize a concealment of that kind as inadvertence or neglect " is to affirm that one party to a negotiation can delay his assent to the terms of the contract until the changes of fortune enable him to reap all the benefits, and throw all the losses on the other side, and then, for the first time, do what was necessary on his part to make the contract obligatory." (*Piedmont, etc. Life-Ins. Co.* v. *Ewing, etc.,* 92 U. S. 377, 381; *Cable* v. *United States Life Ins. Co.,* 111 F. 19, 29.) In this case it amounted to a fraudulent concealment not only of the fact that he had made application for the new insurance but of the fact that his application was rejected or postponed for physical infirmity. (*Prudential Ins. Co. of America* v. *Drucker,* 244 App. Div. 41.)

Judgment is directed for the plaintiff as prayed for, without costs. Settle decision and judgment.