Order granting the plaintiff’s motion for a new trial, and directing the clerk of the County of Kings to cancel the judgment theretofore entered in favor of the defendant dismissing the complaint on the merits, affirmed, with $10 costs and disbursements. We are of opinion that the transaction conducted by the defendant insurance company with the deceased, as evidenced by the application and the “ binding receipt ”, and the company’s subsequent conduct in failing to disclaim liability within a reasonable time, resulted in the insurance of the applicant’s life between the date of the applica *771 tion and the date contemplated for the issuance of the policy, or, at least, a jury might so find. (Hill v. Metropolitan Life Insurance Co., 259 App. Div. 278; Corning v. Prudential Insurance Co. of America, 248 App. Div. 187, affd. 273 N. Y. 668; Hart v. Travelers Insurance Co., 236 App. Div. 309, affd. 261 N. Y. 563.) Hagarty, Acting P. J., Carswell, Johnston and Sneed, JJ., concur; Nolan, J., dissents and votes to reverse the order and to deny plaintiff’s motion, with the following memorandum: As I read the documentary evidence, the defendant did not agree to insure, nor did it insure Peter- Speronza, but accepted a payment of premium from him on the understanding that the insurance should not take effect until the issuance of a policy, except that if the company should be satisfied that on the date of the application the proposed insured was insurable as a standard risk, the insurance applied for should become effective from the date of the application, and before the issuance of a policy. The parties further agreed that if the company should decline to issue the insurance applied for, the premium should be returned. The retention of the premium could not, in my opinion, justify imposing on defendant a liability which it did not agree to assume, and does not operate as a waiver, nor estop defendant from asserting that there never was any contract. A party cannot be held to a contract where there is no assent. Silence operates as an assent and creates an estoppel only when it has the effect to mislead. (More v. New York Bowery Fire Ins. Co., 130 N. Y. 537; Matter of Tanenbaum Textile Co. v. Schlanger, 287 N. Y. 400, 404.) [See post, p. 778.]