METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* SAUL GOLDSMITH et al., Defendants.

Supreme Court, Special Term, New York County, March 26, 1952.

*David R. Crow* for plaintiff.

*Stephen Marlowe* for Saul Goldsmith, defendant.

BREITEL, J. After trial, plaintiff insurance company seeks judgment reforming a life insurance policy, and as reformed annulling the policy for fraud and misrepresentation in the application. The beneficiary of the policy and the estate of the deceased insured are defendants. The beneficiary, in addition to denials in the answer, counterclaims for the proceeds of the policy; but consents to the reformation of the policy admitting all the facts alleged as a basis for reformation. The estate of the deceased insured denies knowledge or information of the allegations and tenders a release of liability to plaintiff.

Since the reformation of the policy is conceded, there is no need to discuss the facts providing a basis therefor, namely, the clerical switch of the applications annexed to two policies issued to the deceased insured and his brother, simultaneously, in which policies each of the brothers was designated as the beneficiary of the other. Accordingly, the reformation sought is granted. Hereinafter, the policy in suit will be considered as reformed.

The policy, in the amount of $10,000, was dated December 17, 1948. It was delivered on February 18, 1949. The application for the policy was dated January 24, 1949. The continued application containing the insured's statements to the company's medical examiner was dated January 27, 1949.

The application denied specified illnesses, past and present, and denied consultation with any " clinics, hospitals, physicians, healers or other practitioners " for the preceding five years. The application also conditioned the company's liability upon issuance and delivery of the policy, after receipt of the full first premium " during the lifetime and continued insurability " of the applicant.

The insured died June 3, 1949, three and a half months after delivery of the policy. The proofs of death filed with the company assigned lymphocytic leukemia as the cause of death. During the month of February, 1949, after the execution of the application, and before the delivery of the policy, insured consulted a number of physicians, was X-rayed and fluoroscoped, and was diagnosed. On objection made by defendant beneficiary, the nature of these diagnoses was excluded as a confidential communication (Civ. Prac. Act, §§ 352, 354).

The company offered proof which the court accepts as credible that the company would not have issued and delivered its policy, without further and careful inquiry, if it had known that before delivery of the policy insured had consulted a number of physicians for purposes of medical examination and diagnosis; that this was the practice of the company; and that the policy would never have been issued if it could not have ascertained the reasons for the medical consultations.

With respect to the objection upon the trial to the testimony of the physicians whom insured consulted after application for and before delivery of the policy, the company invokes section 149 of the Insurance Law. That section provides, in subdivision 4 thereof: " 4. A misrepresentation that an applicant for life, accident or health insurance has not had previous medical treatment, consultation or observation, or has not had previous treatment or care in a hospital or other like institution, shall be deemed, for the purpose of determining its materiality, a misrepresentation that the applicant has not had the disease, ailment or other medical impairment for which such treatment or care was given or which was discovered by any licensed medical practitioner as a result of such consultation or observation. *If in any action to rescind any such contract or to recover thereon, any such misrepresentation is proved by the insurer,*

*and the insured or any other person having or claiming a right under such contract shall prevent full disclosure and proof of the nature of such medical impairment, such misrepresentation shall be presumed to have been material.''* (Emphasis supplied.)

The effect of the statute is to render a misrepresentation of a medical consultation material, regardless of the occasion for the consultation or the resulting diagnosis, if disclosure of the occasion or diagnosis is prevented by a successful claim of confidential communication. (*Roth* v. *Equitable Life Assur. Soc. of United States,* 186 Misc. 403, affd. 270 App. Div. 923.) See *Tolar* v. *Metropolitan Life Ins. Co.* (297 N. Y. 441), which holds that under the statute the misrepresentation as to medical consultation is deemed material and a misrepresentation of the ailment for which the applicant is being treated, although the proof showed that applicant did not know the nature of the ailment for which she was being treated.

But in the instant case the medical consultations occurred after application for and before delivery of the policy. Hence, the precise question here has never been decided. The case of *Glickman* v. *New York Life Ins. Co.* (291 N. Y. 45) is not determinative because there the application provided that the insurance policy was not to become effective if the applicant had consulted a physician between time of application for and delivery of the policy. The situation is similar as to *Polachek* v. *New York Life Ins. Co.* (147 Misc. 16, affd. 240 App. Div. 1028).

The law is now clear that where an insured becomes ill after application for and before delivery of the policy he has an affirmative duty to disclose the illness, at least if of a serious nature, before accepting delivery of the policy. (*Goldstein* v. *New York Life Ins. Co.,* 176 App. Div. 813, affd. 227 N. Y. 575; *Equitable Life Assur. Soc.* v. *McElroy,* 83 F. 631; *Armand* v. *Metropolitan Life Ins. Co.,* 134 Misc. 357, 359.) The basis for the rule is that the representations are deemed to " continue down to the time when negotiations are closed and speak as of the time when the contract is consummated and the minds of the parties meet.'' (*Goldstein* v. *New York Life Ins. Co., supra,* p. 815. See, also, *Stipcich* v. *Insurance Co.,* 277 U. S. 311, and Richards on Insurance [4th ed.], § 84.)

It has been held too that where the insurance applicant was rejected by another company, after application which denied such rejection in the past (which was true as of the date of the application), but before delivery of the policy, there was a duty to disclose such rejection. (*Guardian Life Ins. Co. of America*

v. *Aaron*, 181 Misc. 393.) The court said: " In a contract for insurance, material statements set forth in the application constitute continuing representations made as of the time of the delivery of and payment for the policy '' and cited as authority, *inter alia*, the *Goldstein* case (*supra*), the *Stipcich* case (*supra*) and the *McElroy* case. (*supra*).

This court cannot distinguish the situation at bar from that involved in cases where illness arose after application for and before delivery of the policy or where there was a rejection of the applicant by another insurance company within the same time interval. Under the authorities and by close analogy, the representation as to nonvisit to a physician is a continuing one up to the time of the delivery of the policy and the payment of the first full premium. Under section 149 of the Insurance Law exclusion on objection of the nature of the treatment or diagnosis by the consulted physicians is deemed material. That can only mean that it is assumed that the treatment or diagnosis was with reference to a condition that would affect the insurer's conduct, if it knew of the circumstances. The proof has established that the insurer would not have delivered the policy if it had known of these circumstances. This is not a harsh result. If perchance consultation with four physicians and submission to X ray and fluoroscope were initiated by a trivial complaint or proved to yield a trivial diagnosis, escape is available to the insured or his beneficiary — he does not compel exclusion of the proof and section 149 is not invoked. In the *Glickman* case (*supra*, p. 51) the Court of Appeals stated that " We will leave to future litigations the question of the effect, under the application form here used, of a nondisclosed visit by the applicant after he has filed his application, to a physician, for treatment of an illness which is obviously trivial or which may be so considered." (See, also, *Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 N. Y. 289, 293.) As pointed out above, the application form in the *Glickman* case excluded liability if the applicant consulted with a physician before delivery of the policy. A fortiori, a visit to a physician for a trivial cause after application for but before delivery of the policy, absent the conditions, involves a situation that the courts would carefully examine before excusing an insurer from liability. That, of course, is not involved here.

Accordingly, it is held that the representation in the application that the insured had not consulted any physician prior to the making of the application was a continuing one which related to the time of the delivery of the policy; that there was

therefore a duty to disclose, before delivery, the visits to the physicians and the examinations conducted by them; that the exclusion upon the trial, because of objection, of the nature of the treatment or diagnosis by the physicians made such failures to disclose material misrepresentations, by virtue of subdivision 4 of section 149 of the Insurance Law; that the proof establishes cogently that but for the material misrepresentations, the company would not have issued its policy without further searching inquiry; and that, therefore, the company is entitled to a rescission of its policy contract.

Defendants' motion to dismiss the complaint is denied. Defendants' motion for judgment is denied. Plaintiff's motion for judgment declaring the policy, as reformed, null and void and providing for a return of the premiums paid is granted, with costs of the action against defendant beneficiary.

Settle judgment.