Francis 1ST. Pécora, J.
Certain actions were taken by the court, and I would like to for the record indicate why the court acted as it did.
The parties in this case agreed that a policy of life insurance was delivered to the deceased on January 16,1970 after an application to the defendant insurer for a $10,000 life insurance policy dated December 12,1969.
They further agreed that the insured party died on October 18,1970.
The defendant Guardian claims that the deceased failed to disclose that his health conditions had changed between the time of the application and the time of delivery of the policy. Defendant claimed further that the deceased failed to disclose his visit to Dr. Salholz one day prior to the delivery of the policy.
Dr Salholz testified that the deceased did in fact visit his office on January 15,1970, complaining of “ dry tongue and abdominal pain.” The doctor stated that his physical findings were “marked paleness and distended abdomen.” The doctor further stated that he attributed these symptoms to an enlargement of the liver and a right inguinal hernia. Three days later, which was two days after the delivery of the policy in question, the decedent returned to Dr. Salholz’s office and, after examination, was admitted to Parkway Hospital where he remained for an extended period of time.
There is further evidence in the case that the deceased on July 2, 1970, filed with the defendant a notice of claim for total and permanent disability, stating that the sickness causing such disability was ‘ liver cancer, ’ ’ and that the disability began on January 15, 1970, one day before the delivery of the policy.
While a jury might not give credence to the doctor’s testimony — this is only on the basis of credibility — there is still no issue as to the doctor’s visit or existence of the “ liver condition ” inasmuch as the deceased in his notice of claim of July 2, 1970, makes an admission of these facts.
The application for insurance that the insured filed on December 12, 1969, contained the following provision, and I quote: “ There shall be no insurance until an insurance contract shall have been issued by the company and delivered by a duly authorized agent and the first premium paid thereon, all during the life *1071 time of the proposed insured and while there is no charge in. the proposed insured’s insurability from that described in the application ’ ’.
There is testimony by the defendant’s agent who delivered the policy to the deceased that the deceased told her, at the time of delivery of the policy, that he had been treated the previous day by a doctor for a cold.
The law in New York is clear that an insurance agent cannot waive any defense of the company by receiving information from an insured. This limitation of an agent’s authority is expressed in the policy of insurance and has been upheld by the courts of this State.
The court does find that section 149 of the Insurance Law governs the issues in this case. Section 149 states as follows:
“ 1. A representation is a statement as to past or present fact, made to the insurer by or by the authority of the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof. A misrepresentation is a false representation, and the facts misrepresented are those facts which make the representation false.
“2. No misrepresentation shall void any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract.
“3. In determining the question of materiality, evidence of the practice of the insurer which makes such contract with respect to the acceptance or rejection of similar risks shall be admissible.
‘ ‘ 4. [And I intend to read only the first sentence of that paragraph] A misrepresentation that an applicant for life, accident or health insurance has not had previous medical treatment, consultation or observation, or has not had previous treatment or care in a hospital or other like institution, .shall be deemed, for the purpose of determining its materiality, a misrepresentation that the applicant has not had the disease, ailment or other medical impairment for which such treatment or care was given or which was discovered by any licensed medical practitioner as a result of such consultation or observation.”
That subdivision continues on, but I do not think the rest of it is material to what I am saying here.
The court thus finds that as a matter of law that the deceased’s failure to disclose his visit to and treatment by Dr. Salholz before the delivery of the policy constitutes a misrepresentation within the meaning of the Insurance Law.
*1072 In view of the underwriter’s testimony in this case that had the true facts of the visit to the doctor been known to the defendant, the policy would not have been delivered, the court determines as a matter of law that the failure to disclose by the decedent constitutes a material misrepresentation by the deceased within the meaning of section 149 of the Insurance Law, and the court cites, and I think that Mr. Curran cited the same case, Metropolitan, Life Ins. Co. v. Goldsmith (201 Misc. 569). And I believe that case is analogous to the case we just tried.
In that case, the court stated (p. 572) that, and I quote: “ The law is now clear that where an insured becomes ill after application for and before delivery of the policy he has an affirmative duty to disclose the illness, at least if of a serious nature, before accepting delivery of the policy. ’ ’
The court further stated (p. 572) that the basis for this rule is, and I quote again: ‘ ‘ That the representations are deemed to., ‘ continue down to the time when negotiations are closed and speak as of the time when the contract is consummated and the minds of the parties meet. ’ ’ ’
In discussing section 149 of the Insurance Law, the court found that the failure to disclose a medical consultation is a misrepresentation not only of the consultation, but also is a misrepresentation of the condition for which the applicant seeks treatment, even though the applicant is unaware of the nature of the ailment for which he has been treated.
And I also cite for the record the cases of Tolar v. Metropolitan Life Ins. Co. (297 N. Y. 441) and Goldstein v. New York Life Ins. Co. (176 App. Div. 813, affd. 227 N. Y. 575).