Per Curiam.

Plaintiff having foregone the opportunity to apply for life insurance on his wife without medical examination in a lesser sum and thereby changed his position to his detriment (if defendant’s rejection of the application be permitted to succeed) solely on the representations and actions of defendant’s agent, which defendant in nowise disaffirms or reprehends, it is our view that defendant is now estopped to deny the validity of the signature on the application. (Wells v. Metropolitan Life Ins. Co., 19 App. Div. 18, 25-26, affd. 163 N. Y. 572; Pickett v. Metropolitan Life Ins. Co., 20 App. Div. 114; McElwain v. Metropolitan Life Ins. Co., 33 App. Div. 60), or the sufficiency of the information furnished and the effectiveness of the receipt for one month’s premium in providing temporary interim insurance in the amount of the policy applied for (Lampke v. Metropolitan Life Ins. Co., 279 N. Y. 157, 164-165); 16A Appelman Insurance Law and Practice, § 9102).
*1004 The judgment and order should be affirmed, with $25 costs.
Concur — Fine, J. P., Lupiano and Quinn, JJ.
Judgment and order affirmed, etc.