Per Curiam.

In an action to recover the proceeds of a life policy, on the basis of the evidence it was reversible error to instruct the jury to return a verdict for the defendant. The alleged misrepresentation and the materiality thereof was a *452 question of fact solely within the province of the jury (Bouzide v. Citadel Life Ins. Co., N. Y. L. J., Jan. 16, 1970, p. 15, col. 7, affd. on opn. below 35 A D 2d 938, affd. 28 N Y 2d 945; Tolar v. Metropolitan Life Ins. Co., 297 N. Y. 441; Vander Veer v. Continental Cas. Co., 42 A D 2d 311).
The delivery of a policy of insurance or the receipt of pre- ■ miums with knowledge of a then existing breach of conditions as to the health of the insured or his treatment, gives rise to a waiver or an estoppel (Zeldman v. Mutual Life Ins. Co., 269 App. Div. 53, 56; Bible v. John Hancock Mut. Life Ins. Co., 256 N. Y. 458; Anderson v. Metropolitan Life Ins. Co., 75 Misc 2d 1003).
Where defendant’s agent was possessed of the usual authority to write applications, collect first premiums and deliver policies, knowledge of the agent is imputable to the company notwithstanding a provision in the policy that its terms could not be waived by an agent (Hill v. Metrolopitan Life Ins. Co., 259 App. Div. 278; Anderson v. Metropolitan Life Ins. Co., supra).
The judgment should be reversed and new trial ordered, with $30 costs to appellant to abide the event.
Concur — Markowitz, P. J., Quinn and Lupiano, JJ.
Judgment reversed, etc.