Shanley N. Egeth, J.
This action was retried before this court and a jury. A prior trial resulted in a directed verdict for the defendant (72 Misc 2d 1069). Upon appeal the Appellate Term reversed the judgment for defendant and ordered a new trial (76 Misc 2d 451).
By virtue of the evidence adduced from witnesses and exhibits upon the trial before me, and the extensive record stipulation of the parties, the following facts are not in dispute:
Plaintiff is seeking to recover the sum of $10,000 representing the principal amount of a life insurance policy issued by the defendant to her husband (decedent) upon which she was the designated beneficiary. Written application was made for the policy on December 12,1969. The signed application, which was ultimately annexed to the policy of insurance when issued and delivered, contained representations made by decedent that he was in good health, and had not had significant medical attention during the five years prior thereto. Said application contained express language, proximately above the insured’s signature thereon, asserting that the defendant’s agent or salesman had no authority to bind the company by accepting information from the applicant, and further possessed no authority to waive any defenses upon behalf of the company. The application further provided that, ‘ ‘ there shall be no insurance until an insurance contract shall have been issued by the Company and delivered by a duly authorized agent and the first premium paid thereon * * * and while there is no change in the Proposed Insured’s *334 insurability from that described in the application;”. No physical examination of the decedent was made by the defendant, and the policy was delivered on January 16, 1970, at which time the first premium installment was paid. Decedent consulted Dr. Simon Salholz on the day prior thereto and complained of a dry tongue and abdominal pain. After a general examination disclosing a distended abdomen, the doctor made a tentative diagnosis of ‘ ‘ hepatosplenomegaly (liver-spleen enlargement) and possible tumor of the liver ”. The doctor recommended immediate hospitalization. Decedent then declined hospitalization, received delivery of the policy the next day, returned to the doctor January 19, 1970 and entered the hospital the following day, January 20, 1970. In the hospital the existence of the suspected tumor of the liver was confirmed, biopsy revealed malignancy, and a carcinoma of the liver was diagnosed. Subsequently, the insured died on November 18, 1970 in Hong Kong of liver cancer.
Due notice and demand for payment pursuant to the policy was made by plaintiff who complied with all contractual conditions precedent thereunder. The defendant refused to pay the claim, offered to or did return all premiums paid under the policy, asserting it was not liable under the policy, due to: (a) misrepresentation prior to policy delivery as to material facts (the doctor’s visit' and tumor) which, if disclosed, would have resulted in nonissuance of the policy; and (b) nonoccurrence of a statutory and contractual condition precedent due to a change in physical condition at the time of delivery of the policy from that described in the application for the policy, which would prevent effective issuance of the policy.
At trial, an underwriter testified that a policy would have been refused to this, or to any potential, insured if the defendant had knowledge of the January 15 doctor’s visit, or off the existence of the then suspected tumor of the liver, which was in fact malignant. There was also testimony which raised an issue as to whether the decedent revealed his doctor’s visit to the defendant’s agent at the time of the delivery of the policy, although there was no evidence that any such knowledge was thereafter imparted to any other representative of the defendant.
At the end of the entire case the defendant moved to dismiss the complaint for failure to prove a prima facie case, and also for a directed verdict of judgment in its favor.
At this point the court reminded counsel that at the commencement of the trial it had raised, sua sponte, the question as to whether the doctrine of law of the case required the sub *335 mission of the case to the jury. The court then advised counsel that unless the facts now adduced substantially differed from those presented to the Appellate Term, this court was bound to submit the issues to the jury under instructions consistent with the decision of the appellate court. (See Walker v. Gerli, 257 App. Div. 249; Hornstein v. Podwitz, 229 App. Div. 167, affd. 254 N. Y. 443; Fadden v. Cambridge Mut. Fire Ins. Co., 51 Misc 2d 858; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.09; 1 Carmody-Wait, New York Practice [2d ed.], §2:64.)
The court then conducted a lengthy inquiry on the record with counsel who had complied with its prior request to review, and have present in court, the original record on appeal and the briefs which were presented to the Appellate Term. On the basis thereof, it became apparent, and both counsel so agreed, that although the policy with the application annexed thereto was an exhibit in the record on appeal, they did not properly apprise the Appellate Term of the fact that at the time of the delivery of the actual insurance policy to the decedent, the original application which expressly prohibited the sales agent from waiving any breach of condition contained therein or imputing knowledge thereof to the company, was annexed thereto. Under the facts as presented to them, the appellate court was constrained to apply the rules of Hill v. Metropolitan Life Ins. Co. (259 App. Div. 278) and Anderson v. Metropolitan Life Ins. Co. (75 Misc 2d 1003) which imputes to the company knowledge given to its agent possessed of usual authority, notwithstanding a policy provision that its terms could not be waived by an agent, thereby creating a waiver or estoppel. Upon the basis thereof, Appellate Term was required to hold that the question of whether the claimed disclosure was made by the decedent to the agent, thereby determining the existence of a waiver and estoppel or material misrepresentation, was one of fact to be resolved by the jury.
Counsel stipulated upon the record that the proof in this trial differs from that presented to Appellate Term, in that it clearly reveals that the application executed prior to policy issuance was, in fact, annexed as a part of the policy at the time of its issuance and delivery to the decedent. By reason thereof, counsel further stipulated of record that the present facts so differed from those presented at the Appellate Term as to free this court from the mandate of the doctrine of law of the case.
Upon the evidence before this court the application prohibition against waiver or imputation by an agent was valid and *336 binding upon the decedent. “ Controversy is foreclosed if the application is annexed ” at the time of policy delivery, irrespective of whether the applicant read the application or knew its contents. (Bible v. John Hancock Mut. Life Ins. Co., 256 N. Y. 458, 464; Lampke v. Metropolitan Life Ins. Co., 279 N. Y. 157; Abbot v. Prudential Ins. Co., 281 N. Y. 375, 379, 380, 384.) The doctrine of Hill v. Metropolitan Life Ins. Co. (250 App. Div. 278, 279, 280, supra) applies only where the application was not annexed to the policy.
In the present case, where the application was annexed to the policy at the time of delivery, the question as to whether the decedent revealed the physician’s visit to the selling agent becomes irrelevant as a matter of la>, and therefore raises no question of fact for the jury. In this context, under the facts at bar, the insured had not disclosed to the company, the proven fact of the physician’s visit the day before delivery of the insurance policy.
Such nondisclosure of a physician’s visit between the time of application (containing denials of medical attention) and the time of policy delivery constitutes a misrepresentation. (Metropolitan Life Ins. Co. v. Goldsmith, 201 Misc. 569, 572, 573, 574.) In Goldsmith, Chief Judge Breitel, then presiding at Special Term in New York County, extended the determination in Glickman v. New York Life Ins. Co. (291 N. Y. 45 upholding the efficacy of an application clause barring an insurance policy from becoming effective if the applicant consulted a physician between the time of application and delivery of the policy) and the holding in Goldstein v. New York Life Ins. Co. (176 App. Div. 813, affd. 227 N. Y. 575, creating an affirmative duty of disclosure before acceptance of policy delivery of the existence of an illness occurring between application and delivery) to confirm an affirmative duty by the applicant to disclose a physician’s visit after application and prior to delivery, and declared that failure before delivery to do so constituted a breach of the continuing representation contained in the application.
The failure to disclose the doctor’s visit in this case, therefore constituted a misrepresentation as of the time of policy delivery. By statute (Insurance Law, § 149, subd. 4), the misrepresentation by nondisclosure of a physician’s visit is expressly ‘1 deemed, for the purpose of determining its materiality, a misrepresentation that the applicant has not had the disease, ailment or other medical impairment * * * which was discovered by any licensed medical practitioner as a result of such consultation or observation. ’ ’
*337 In the instant case the nondisclosed physician’s visit revealed a possible tumor of the liver, which subsequent biopsy confirmed to be carcinoma of the liver, the ultimate cause óf death. The statute therefore mandates that the misrepresentation becomes a misrepresentation as to the existence of carcinoma of liver rather than a nondisclosed physical examination. Uncontradicted testimony clearly reveals that no policy would have been issued without a prior physical examination if the physician’s visit had been disclosed, and further that no policy would be issued to one afflicted with carcinoma of the liver. Such a misrepresentation as a matter of law is a material one under the statute (Insurance Law, § 149, subd. 4).
In this posture this court is required by the determination in Tolar v. Metropolitan Life Ins. Co. (297 N. Y. 441, 446) to rule that1 ‘ the statutory definition of materiality is met and no further proof is needed ’ ’.
Accordingly, there being no question of relevant fact to submit to the jury for determination, the defendant’s motion for a directed verdict must be granted.
The matter having been so determined, the court is not required to render its ruling on the additional ground asserted by defendant as to the change of physical condition between application and delivery which prevented the occurrence of a necessary contractual or statutory condition precedent to the issuance of the policy. (See Glickman v. New York Life Ins. Co., 291 N. Y. 45, supra; Klein v. Prudential Ins. Co., 221 N. Y. 449; Levande v. Canada Life Assur. Co., 23 A D 2d 669, 670, affd. without opn. 17 N Y 2d 645.)