NEW YORK LIFE INSURANCE COMPANY, Appellant, *v.* SAMSON S. WATKIN, by ESTHER WATKIN, His Guardian ad Litem, Respondent. (Actions Nos. 1 and 2.)

First Department, May 2, 1930.

*Robert M. Field* of counsel [*Louis H. Cooke*, attorney], for the appellant.

*David Goldstein* of counsel [*Thomas G. Frost* and *Alex Davis* with him on the brief; *Goldstein & Goldstein*, attorneys], for the respondent.

McAvoy, J. Defendant's father, Morris Watkin, made a written application on December 10, 1925, to plaintiff, a life insurance company, for $10,000 of insurance on his life payable to defendant. A statement in such application reads: " It is mutually agreed as follows: 1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination; * * *."

Thereafter and on December 12, 1925, Morris Watkin made out answers in writing to plaintiff's medical examiners in which he declared and represented to plaintiff in effect that he had never had any accident or injury or undergone any surgical operation; that he had never been under observation or treatment in any hospital, asylum or sanitarium; that he had never consulted a physician for or suffered from any ailment or disease of any kind and specifically that he had never consulted a physician for or suffered from any ailment or disease of the stomach or intestines, liver, kidneys or bladder, and that within the five years prior to the date of said answers he had not consulted or been examined or treated by any physician whatever.

He also represented and declared on behalf of himself and every person who should have or claim any interest in any insurance made thereunder that he had carefully read each and all of his said answers; that they were each written as made by him, and that each of them was full, complete and true; and he also stated therein that plaintiff believing them to be true should rely and act thereon.

In reliance upon the representations contained in this application, plaintiff issued its policy of insurance to take effect December 16, 1925, for $10,000.

On January 16 or 17, 1926, Morris Watkin made a written supplemental application to plaintiff for $5,000 of additional insurance on his life payable to defendant, and therein reiterated and confirmed all of the agreements, statements, representations and answers contained in his original application.

Plaintiff issued its policy for $5,000 of insurance to take effect as of December 16, 1925.

On January 16, 1926, or January 17, 1926, both of the policies were delivered to Morris Watkin, and at the same time the first annual premium due on each of said policies was paid in full.

The insured died on April 15, 1926, approximately four months after the application for the first policy and three months after application for the second policy and three months after the delivery of said policies and the payment of the first premiums thereon.

Defendant submitted to plaintiff on May seventh next following proofs of the death of his father, the insured. Plaintiff about a month later rescinded both policies and tendered to defendant a return of all premiums, with interest thereon, paid under said policies.

Up to that time no action against plaintiff under said policies had been brought by the beneficiary.

On December 6, 1927, ten days before the expiration of the contestable period fixed in said policies (December 16, 1927), plaintiff commenced these actions.

Three physicians, to wit, Dr. Bartholomew Kefkovics, Dr. Alexis V. Moschcowitz and Dr. Harris Weinstein, and also Mrs. Esther Watkin, mother of defendant and widow of the decedent, testified that said Morris Watkin's representations were in substance as to consultations and treatment false, and that the representation embodied in his answer to a question in the original application, that is: " What physician or physicians, if any, not named above, have you consulted or been examined or treated by within the past five years? " that none had treated him and that he had consulted none, was false.

Esther Watkin, widow of the insured, testified that she went with her husband when he consulted Dr. Alexis V. Moschcowitz on December 18, 1925, and arranged for the admission to Mt. Sinai Hospital; that he was operated upon by Dr. Moschcowitz; that she visited him every day from December 18, 1925, to January 9, 1926; that he was in bed most of that time; that he was sick during that time.

The policies of insurance in suit never took effect because the insured breached the condition precedent relating to consultations and treatments between the date of the medical examination and

the date of the delivery of the policies and the payment of the first premiums thereon.

The trial court erroneously ruled that plaintiff's failure to establish the nature of the deceased's ailment and the nature of the operation was ground for giving judgment for defendant.

Plaintiff showed by proof of the facts of treatments and their date, by testimony as to the operation, and the confinement in the hospital and of the insured's sickness before the applications for the policies were signed and before the policies were delivered and the first premiums thereon paid, that the misrepresentations were material. Such proof gave plaintiff a right of rescission of its policy-contract. It should have had that remedy.

We think that the judgments appealed from should, therefore, be reversed and final judgment granted to plaintiff rescinding and canceling the two policies in these actions upon the merits, with costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgments reversed and final judgment granted to plaintiff rescinding and canceling the two policies in these actions upon the merits, with costs. Settle orders on notice.