ANNIE GOLDMAN, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.*

Supreme Court, Westchester County, January 6, 1934.

---

* Affd., 242 App. Div. 665.

*Benjamin T. Dannenberg,* for the plaintiff.

*Clark & Davis,* for the defendant.

ROGERS, J. The application was simply a request for insurance. Its mere delivery by the applicant to the agent for the company did not effect insurance. It had to be acted upon favorably by the company.

The application itself provided that three conditions must prevail before insurance became operative: Delivery of the policy, payment of the premium in full during the applicant's lifetime, and no treatment had by a physician between the time of the medical examination and the delivery of the policy. Insurance could have been effected as of the date of the application had the applicant paid the premium in full at the time of making the application, but he did not elect to avail himself of this privilege permitted by the terms of the application.

Even if it could be held that there was constructive delivery of the policy on May 12, 1930, and waiver of the payment of the full amount of the premium on May 14, 1930, the other essential to the existence of insurance — no treatment by a physician between the time of the medical examination and the delivery of the policy — was breached, and, therefore, the policy never became effective.

The applicant was treated daily by a physician from May 6 to May 12, 1930, inclusive, which was during a period after the time of the medical examination and before the delivery of the policy. The company had no knowledge of this treatment when it wrote the policy and turned it over to the agent for delivery upon payment of the premium. Nor did the company or the agent know of the treatment when the agent accepted part payment of the premium and deposited the amount collected with the company. Therefore, there was no waiver or estoppel on the part of the company of the provisions in the application as to treatment by a physician.

When the policy was written May 8, 1930, it was predated May first as requested in the application. Neither the writing of the policy nor the predating gave it force to effect insurance. The three essentials, above referred to, were necessary to make it an effective contract of insurance.

Because the applicant was treated by a physician before the policy became a binding contract the defendant is entitled to a verdict in its favor.