BARBARA POLACHEK, an Infant, by HENRIETTA POLACHEK, Her Guardian ad Litem, Plaintiff, v. NEW YORK LIFE INSURANCE COMPANY, Defendant.*

Supreme Court, New York County, April 9, 1934.

*Boehm & Zieger* [*Louis Boehm* of counsel], for the plaintiff.

*Louis H. Cooke* [*Kenneth de F. Carpenter* of counsel], for the defendant.

BLACK, J. A child sues by her guardian *ad litem* to recover upon a life insurance policy taken out in her favor by her father upon his life.

The evidence shows that the father applied for the policy on January 10, 1930. In that written application it was provided that if he visited a physician between the date of the application

* See, also, 147 Misc. 16.

and the date of the delivery of the policy, the policy would not be effective. He did visit a physician on three consecutive days after the application, the last visit being on January fourteenth, the day before the policy was delivered to him. Eight days after his last visit to the physician the father died. There was no proof that the father ever notified the insurance company that he had visited the physician between the date of the application and the delivery of the policy to him.

The plaintiff merely proved that the policy was issued and the premium paid, and closed her case.

The defendant then put upon the stand the physician the father had visited before the policy was issued. The physician was permitted (under section 352 of the Civil Practice Act) to say that he had been visited by the father and that he had " treated him." On the objections of the plaintiff, he was not permitted to go into what he treated the father for. The insurance company proved that it had offered to return the premium the father had paid for the policy. The mother, who was guardian *ad litem* of the infant plaintiff, did not appear, and no competent evidence was offered to show that she was not able to attend. As an individual and mother she could have testified as to anything she knew of the illness for which the doctor treated the father.

At the end of the case defendant moved to dismiss the case, because it appeared that there was a breach of the contract of insurance by the father's visits to the physician, which he concealed from the insurance company. Defendant claimed that by such visits the father had not carried out his agreement, and that the insurance never took effect. Upon that motion decision was reserved.

The father's application, which was attached to and was a part of the policy, provided: " It is mutually agreed as follows: That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant, and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination."

Plaintiff claimed that the burden of proof was upon the defendant to show that the treatments were for serious ailments, and not for trivial troubles, but when defendant sought to do this by the testimony of Dr. Lazarus, plaintiff objected, and her objection was sustained.

The case was submitted to the jury, and they found the full amount, $20,000, plus interest, for the plaintiff. In so doing they had no evidence whatever before them that the successive visits

to the physician were for trivial troubles, which probably might not have produced his death eight days later.

We, therefore, have the case of a father who was so careless of the rights of his beneficiary that he concealed from the company all evidence regarding his visits to the physician, where the mouth of the physican (who could have said whether the visits were for trivial or serious ailments) was closed by the objection of plaintiff and the mother of the beneficiary not being in court, and when her evidence was not taken by deposition which the plaintiff could have done, and where the physician could not, over the objection of plaintiff, have testified whether the ailments were trivial or of such a character as might have caused the father's death eight days after his last visit to Dr. Lazarus, and seven days after the policy was delivered.

Certainly it cannot be the law that in such case the plaintiff should prevail. I grant the motion to dismiss made by defendant. Under the quoted clause of the application it was either a clear fraud of the father to conceal from the insurance company the three visits, and this fraud is validated by the refusal or failure of the plaintiff to permit the truth to be told by the physician, which he was ready to do if plaintiff had not objected to his doing so on the ground that the testimony was privileged, or at best it is a failure on the part of the father to carry out the conditions of the policy which provide that it shall not be effective if the father should consult or be treated by a physician between the date of the examination by the company's physician and the delivery of the policy. If they were for treatment of trivial ailments, no harm could have been done by notifying the insurance company. If they were not for trivial things, there was still stronger reason for telling the company, so that they could, if they wished, have investigated what the treatments were for, and after such investigation could have decided whether they wished to issue the policy or not. There was no meeting of the minds of the two parties to the policy, because the father was acting with knowledge of all the facts, and the company was issuing a policy in ignorance of the visits to the physician and it had a right to rely on its provision above quoted, that there was no (valid) delivery of the policy and no (valid) receipt of the policy unless the applicant had not consulted a physician since his medical examination. It will be observed that the provision does not say that the company has the privilege of deciding if it was afterwards discovered that there had been treatments by a physician, but it says that the insurance applied for shall in such a case not take effect. There was, therefore, a condition precedent to be complied with by the father,

which he not only did not comply with, but he concealed from the company the very facts which showed that he was not complying with this condition. There was, therefore, no contract of insurance between the parties, and the beneficiary can only recover the premium paid.

In the case of *New York Life Insurance Co.* v. *Watkin* (229 App. Div. 211; affd., 256 N. Y. 618), which was an action by the insurance company against the beneficiary to rescind and cancel the policies, Mr. Justice McAvoy, writing for the unanimous court, said: " The policies of insurance in suit never took effect because the insured breached the condition precedent relating to consultations and treatments between the date of the medical examination and the date of the delivery of the policies and the payment of the first premiums thereon. The trial court erroneously ruled that the plaintiff's failure to establish the nature of the deceased's ailment and the nature of the operation was ground for giving judgment for defendant."

The defendant's motion to dismiss the complaint at the end of defendant's case is granted, as is also the motion to set aside the verdict of the jury. The jury evidently sympathized with the child, whose guardian *ad litem*, through her attorney, objected to the physician's telling what the ailments were. In this they followed a too general tendency to sympathize with the party before the court, and neglected to sympathize with children of the other policyholders who have withheld nothing from the company and who would be penalized by the recovery upon this policy obtained by the concealment of his visits to the physician by the father. In this case, and in future cases, in order to prevent any injustice to beneficiaries, all a father has to do is to carry out the provisions of his policy and tell the insurance company the truth, the whole truth, and nothing except the truth. By such a course everybody will be protected, only just claims will be paid, and the price of insurance will be figured only upon honest losses. The guardian *ad litem* was in no way responsible for the concealment of material facts by the father, but if she objects to the facts being told by the physician, the plaintiff cannot profit thereby. Settle order on notice.