ANNIE GOLDMAN, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Scudder and Davis, JJ. [152 Misc. 289.]

In the Matter of the Application of the BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND, Relative to Acquiring Title to Certain Real Property in Said County for Highway Purposes for the County Highway Known as the SPRING VALLEY-KNAPPS CORNERS COUNTY HIGHWAY, No. 689. BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND, Appellant; GUSTAV H. KNAUTH, Respondent.— Order of the County Court of Rockland county unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Scudder and Davis, JJ.

In the Matter of the Petition of ROBERT NEVILLE, Respondent, to Compel GEORGE MCNEELY to Render and Settle His Account as Administrator of KATHERINE MCNEELY, Deceased. GEORGE E. MCNEELY, as Administrator, etc., of KATHERINE MCNEELY, Deceased, Appellant.— Decree of the Surrogate's Court of Nassau county and judgment entered thereon reversed on the law and the facts and the matter remitted to the surrogate for a new hearing, costs to appellant to abide the event and to be payable out of the estate. We are of opinion that the decree of the surrogate allowing the petitioner's claim is against the weight of the evidence. The record discloses that the surrogate, at the close of the first hearing, was doubtful whether the claim should be allowed. Later, the deposition of one Frank Scott was produced and submitted to the surrogate. By that deposition it appeared that the deceased had presented to the petitioner a written statement showing the amount and details of her indebtedness to the petitioner, and the allowance of the claim by the surrogate rested largely upon that evidence. Scott never appeared before the surrogate, and his cross-examination, when the deposition was taken, was very meagre. The statement of Scott is not without suspicious circumstances. He was well acquainted with the petitioner, yet upon the original hearing before the surrogate no mention was made of the statement alleged to have been presented by the deceased to the petitioner and copied by Scott. Very little, if any, effort seems to have been made at that time to secure Scott's attendance. Scott stated that he made two copies of the statement and gave one to the petitioner, but the petitioner denies this and states that but one copy was made and that it was retained by Scott. Why Scott should have retained such an important paper does not appear. Under these circumstances we think there should be a new hearing, where an opportunity may be had by the surrogate to see and observe Scott, and where he may be thoroughly examined. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.

OSCAR KOPSER, Respondent, v. EMMA ATKINS, as Administratrix, etc., of JOSEPH A. ATKINS, Deceased, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Scudder and Davis, JJ.

CARL R. LADENSACK, Appellant, v. PAUL C. SANDERS, Defendant, and OTTO LADENSACK, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Scudder and Davis, JJ.