MABEL F. TIERNEY, Plaintiff, *v.* THE TRAVELERS INSURANCE COMPANY, Defendant.

Supreme Court, Onondaga County, February 8, 1943.

*George Savage* for plaintiff.

*Lewis C. Ryan* for defendant.

CREGG, J.   On December 29, 1939, Edward M. Tierney, the insured, made a written application to the defendant for the life-insurance policy in question.   The policy was delivered to him on January 2, 1940.   It is a term policy for five years.   The insured died November 19, 1940.   The above-mentioned action was brought by Mabel F. Tierney, the beneficiary, to recover the amount of the policy.

The defense is that misrepresentations were made by the insured in his application for the policy.   At the close of the evidence a motion was made by the defendant for a nonsuit and decision thereon was reserved.   The jury found a verdict for the defendant.   This is a motion to set it aside and for a new trial upon exceptions taken upon the trial and to the charge of the court.

This case was submitted to the jury under the law laid down by the Court of Appeals in *Geer* v. *Union Mutual Life Ins. Co.* (273 N. Y. 261, decided March 9, 1937). The jury was not permitted to pass upon the materiality of the alleged misrepresentations as to prior medical treatment or whether or not the defendant with full knowledge of the facts would have been led to refuse to issue the policy.

After examining section 149 of the Insurance Law (L. 1939, ch. 882), which took effect January 1, 1940, I am convinced that this case was submitted to the jury upon a wrong theory.   In my opinion, it should have been submitted in accordance with the

provisions of subdivision 2 of section 149 of the Insurance Law; and the questions of the materiality of the representations and whether or not the insurance company would reasonably be expected to refuse to write the policy if it had full knowledge of the undisclosed facts should have been left to the jury to decide. I do not believe I would be justified in holding, as a matter of law, that the alleged misrepresentations were material; nor do I believe that the defendant's proof, viewed in the light of the plaintiff's evidence, was such as to warrant my holding, as a matter of law, that full knowledge of the facts would have led the insurer to refuse to write the contract.

The motion for a nonsuit should be denied; the verdict of the jury set aside, and a new trial granted.