ELAINE F. GLICKMAN, as Administratrix of the Estate of CELIA KATZ, Deceased, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

Submitted June 8, 1943; decided July 20, 1943.

*Harry Malter* and *Isadore B. Hurwitz* for appellant. Defendant is estopped to set up the condition as a bar and is also deemed to have waived it. *Armand* v. *Metropolitan Life Ins. Co.,* 135 Misc. 357, 228 App. Div. 625; *Ames* v. *New York Life Ins. Co.,* 154 Minn. 111; *Chinery* v. *Metropolitan Life Ins. Co.,* 112 Misc. 107.) On this record to set up as a bar the condition in the application would violate section 142 of the Insurance Law. (*Sternaman* v. *Metropolitan Life Ins. Co.,* 170 N. Y. 13; *Archer* v. *Equitable Life Assur. Society,* 218 N. Y. 18; *Bollard* v. *New York Life Ins. Co.,* 98 Misc. 286; *Lampke* v. *Metropolitan Life Ins. Co.* 279 N. Y. 157; *Eastern D. P. Dye Works* v. *Travelers Ins. Co.,* 234 N. Y. 441; *Minsker* v. *John Hancock Mut. Life Ins. Co.,* 254 N. Y. 333; *Bible* v. *John Hancock Mut. Life Ins. Co.,* 256 N. Y. 458; *Davern* v. *American Mut. Liability Ins. Co.,* 241 N. Y. 318.) The photostatic copies of the application attached to the policy were so reduced in size as not to be a compliance with section 142 of the Insurance Law. This renders unenforcible the condition in the application. (*Fidelity Mut. Ins. Co.* v. *Preuser,* 195 Ky. 271; *New York Life Ins. Co.* v. *Miller,* 73 F. 2d 350; *New York Life Ins. Co.* v. *Halpern,* 57 F. 2d 200, 61 F. 2d 1037; *Janunas* v. *Metropolitan Life,* 239

Mich. 150; *Eastman* v. *Metropolitan Life*, 228 Mich. 125.) Assuming the condition is applicable, section 150 of the Insurance Law nevertheless precludes a construction of the condition which would void the policy perforce a showing that the insured consulted a physician without anything more. (*Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81; *Independent Life Ins. Co.* v. *Vann*, 24 Ala. App. 93; *Eastern D. P. 'Dye Works, Inc.,* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Geer* v. *Union Mut. Life Ins. Co.*, 273 N. Y. 261; *Smith* v. *Travelers Ins. Co.*, 76 Misc. 441; *Dilleber* v. *Home Life Ins. Co.*, 69 N. Y. 256; *Cushman* v. *U. S. Life Ins. Co.*, 70 N. Y. 72; *Northern Life Ins. Co.* v. *King*, 53 F. 2d 613, 285 U. S. 544; *Lampke* v. *Metropolitan Life Ins. Co.*, 279 N. Y. 157; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140; *Sommer* v. *Guardian Life Ins. Co.*, 281 N. Y. 508.) The insured was not guilty of any common law fraudulent concealment. (*Sebring* v. *Fidelity-Phenix Fire Ins. Co.*, 255 N. Y. 382; *Armand* v. *Metropolitan Life Ins. Co.*, 135 Misc. 357, 228 App. Div. 625; *Ames* v. *N. Y. Life Ins. Co.*, 154 Minn. 111; *Eastern D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Mallory* v. *Travelers Ins. Co.*, 47 N. Y. 52; *Lampke* v. *Metropolitan Life Ins. Co.*, 279 N. Y. 157; *N. Y. Life Ins. Co.* v. *Bacalis*, 94 F. 2d 200; *New York Life Ins. Co.* v. *Kwetkauskas*, 63 F. 2d 890, 289 U. S. 762; *Dilleber* v. *Home Life Ins. Co.*, 69 N. Y. 256; *Blair* v. *National Security Ins. Co.*, 126 F. 2d 955.)

*Ronald B. Swinford, Kenneth de F. Carpenter* and *Ferdinand H. Pease* for respondent. The policy never took effect as a contract of insurance because between the date of the written application for insurance and the date of the delivery of the policy the applicant violated the condition precedent provisions in the application relating to consultations and treatments by any physician in that he consulted with, was examined and received treatment by a physician between the date of his medical examination for insurance and the date of the delivery of the policy. (*New York Life Ins. Co.* v. *Watkin*, 229 App. Div. 211, 256 N. Y. 618; *Polacheck* v. *New York Life Ins. Co.*, 147 Misc. 16, 240 App. Div. 1028, 151 Misc. 172, 243 App. Div. 692; *Goldman* v. *New York Life Ins. Co.*, 152 Misc. 289, 242 App. Div. 665; *Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813, 227

N. Y. 575; *New York Life Ins. Co.* v. *Conrad*, 47 F. 2d 885; *Hurt* v. *New York Life Ins. Co.*, 51 F. 2d 936; *Wilder* v. *New York Life Ins. Co.*, 81 F. 2d 89; *Zemler* v. *New York Life Ins. Co.*, 225 N. W. 81; *Jones* v. *New York Life Ins. Co.*, 253 Pac. 200; *Harrisburg Trust Co.* v. *Mutual Life Ins. Co.*, 122 Atl. 292; *Piedmont & Arlington Life Ins. Co.* v. *Ewing*, 92 U. S. 377; *Drilling* v. *New York Life Ins. Co.*, 234 N. Y. 234; *Gilman* v. *Metropolitan Life*, 213 App. Div. 839, 242 N. Y. 512; *Provancha* v. *Prudential Ins. Co.*, 202 App. Div. 778, 235 N. Y. 582.) The statements in the application for the policy in suit respecting certain diseases and consultations with a physician were continuing representations and as such they were not true on the delivery date of the policy, and the applicant having failed to disclose to the defendant the true facts, which it was his duty to do, there was a fraudulent concealment of material facts. (*Stipcich* v. *Metropolitan Life Ins. Co.*, 277 U. S. 311; *Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813, 227 N. Y. 575; *Equitable Life Assur. Soc.* v. *McElroy*, 83 F. 631; *New York Life Ins. Co.* v. *Gay*, 36 F. 2d 634.) Defendant is not estopped to set up the breach of condition as a bar to recovery and is not to be deemed to have waived it because it did not make any inquiry at the time of the delivery of the policy as to whether or not the insured had consulted a physician. (*Bollard* v. *New York Life Ins. Co.*, 98 Misc. 286, 182 App. Div. 915, 228 N. Y. 521; *Metzger* v. *Aetna Ins. Co.*, 227 N. Y. 411; *Drilling* v. *New York Life Ins. Co.*, 234 N. Y. 234.) Defendant fully complied with the statutory requirements of section 142 of the Insurance Law by attaching to and making a part of the policy in suit a " true copy " of the original application. Section 150 of the Insurance Law is not applicable because the written application for insurance which contains the agreement relied on herein was executed on December 13, 1939, whereas this section did not become effective until January 1, 1940. (*Drilling* v. *New York Life Ins. Co.*, 234 N. Y. 234.) Even if section 150 of the Insurance Law were applicable there is no question but what the breach of this condition precedent to the coming into existence of any insurance contract did materially increase the risk of loss for duodenal ulcer is a serious condition. (*Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 N. Y. 289; *Hurt* v. *New York Life Ins. Co.*, 51 F. 2d 936.)

DESMOND, J. The suit is on a life insurance policy. The insurer's defense is based on what the insurer calls the violation of a condition precedent which violation, according to defendant, produced a situation where, although a policy was issued, no insurance thereunder ever took effect. On December 13, 1939, Louis C. Katz applied to defendant for a $5,000 policy of insurance on his life. In the application form which was furnished to him by defendant and which he signed, there appeared this language: " It is mutually agreed as follows: 1. That the insurance hereby applied for shall  *  *  *  go into force  *  *  *  only if the applicant has not consulted or been treated by any physician or practitioner since his medical examination  *  *  *." It is conceded that the applicant Katz did, without defendant's knowledge, consult his own physician after he had undergone a medical examination conducted by a physician nominated by the insurer. The company's medical examination was had on December 15, 1939, and the company issued the policy to Mr. Katz on January 17, 1940. His visits to his own physician (really two physicians acting together) were on January 15 and 16, 1940. His own physician, called as a witness by defendant, gave evidence that the tests made on those dates and other information then obtained, disclosed that the applicant Katz was suffering from a duodenal ulcer. The witness stated that the symptoms of such an ulcer will, " generally speaking," be completely relieved after four to six weeks of a dietetic regime, combined with complete or partial rest. Defendant's assistant medical director, who had never seen applicant Katz but who had approved the issuance of the policy on the basis of information made available to the company, was another witness. He was asked whether a duodenal ulcer was serious; plaintiff objected to the question but the Trial Justice announced that he would take judicial notice that it was a serious condition; the witness then answered the question in the affirmative, saying that " it may be considered so." This physician was prevented, on plaintiff's objection, from stating what action defendant would have taken, had it known of the ulcer. There was no other testimony as to the insured's state of health except that of his wife who told of her husband's active life and apparent vigor and freedom from illness about the time of the issuance of the policy.

It is undisputed that the insured died on June 8, 1940, from coronary sclerosis, a disease unrelated to the intestinal ulcer. At the close of the proof, defendant moved for a directed verdict, which was denied, then asked the Court to let the case go to the jury, which motion was denied also; plaintiff's motion for a directed verdict was thereupon granted. The Appellate Division unanimously reversed and dismissed the complaint, citing *Goldman* v. *New York Life Ins. Co.* (152 Misc. 289, affd. 242 App. Div. 665); *New York Life Ins. Co.* v. *Watkin* (229 App. Div. 211, affd. 256 N. Y. 618); *Polachek* v. *New York Life Ins. Co.* (151 Misc. 172, affd. 243 App. Div. 692), and *Geer* v. *Union Mut. Life Ins. Co.* (273 N. Y. 261). In none of those cases did this court pass on the precise question here presented to us, although the *Goldman, Watkin* and *Polachek* cases dealt with the same language found in the application here, language which says distinctly that the policy shall not go into effect if the applicant on his own behalf consults a physician after he has been examined by the insurance company's physician and before the policy is actually handed to him. In *Drilling* v. *New York Life Ins. Co.* (234 N. Y. 234) we held valid and effective a somewhat similar agreement written into the application, that the insurance was not to take effect unless the policy should be delivered and the premium paid while the applicant was in good health. We need not go so far as did the Supreme Court in *Stipcich* v. *Metropolitan Life Ins. Co.* (277 U. S. 311) (also involving a duodenal ulcer) where it was held that, without any promise or covenant in the application blank, an applicant was under a duty to inform the insurer fully of changes in his physical condition seriously affecting his health, which duty, held the Supreme Court, rested on no stipulation of the parties but was imposed by law because of the relationship of the parties and their obligations one to the other. We have no doubt that, unless our statutes dictate a different result, the agreement signed by applicant Katz is valid and to be interpreted as written, at least in cases where, as here, the visit to the physician has to do with an ailment or condition which is reasonably to be considered serious.

Appellant urges the applicability to her case of sections 142 and 150 of the Insurance Law, as revised in 1939. (L. 1939, ch. 882.) As to section 142, we see in the dealings between the

parties to this contract no violation of subdivision 1, which requires every life policy to contain the whole contract between the parties, and forbids the admission in evidence of the application unless a copy thereof is attached to the policy when issued. There is no requirement that a copy of the application be left with the applicant, or that the insurer make further inquiries, when issuing the policy, as to applicant's health or visits to doctors. Mr. Katz's signature to the application bound him as an applicant or offeror. (*Drilling* v. *New York Life Ins. Co., supra.*) Subdivision 3 of section 142 obviously has no place in this discussion since it relates to statements made by the applicant, and no such statements are litigated here. The same is true of section 149.

Nor do we see that section 150 of the statute serves appellant's cause in any way. That section uses the term " warranty " to cover an insurance contract provision which has the effect of requiring, as a condition precedent of the taking effect of the insurance contract, the existence of a fact which tends to diminish, or the nonexistence of a fact which tends to increase, the risk of the occurrence of any loss within the policy's coverage. Section 150 then lays down the rule that no breach of such a " warranty " shall avoid the insurance contract " unless such breach materially increased the risk of loss, damage or injury within the coverage of the contract * * *." Appellant says that under section 150 there must now be shown a " *de facto* increase in the risk." But the only showing here is that the applicant's visits to his physicians disclosed the existence of an intestinal ulcer, and that an intestinal ulcer is a serious condition. Apparently in section 150 the Legislature was seeing to it that a policy of insurance will not be avoided by proof of an immaterial " breach of warranty." Arguments and decisions as to the legal effect of nondisclosure of trivial ailments, or consultations with physicians relative to such ailments, do not furnish the answer to this case. We will leave to future litigations the question of the effect, under the application form here used, of a nondisclosed visit by the applicant after he has filed his application, to a physician, for treatment of an illness which is obviously trivial or which may be so considered. In the present case we have the covenant in the application, the undisclosed consultations, and the unquestioned fact that the condition found was not trivial. Defendant, not

plaintiff, is entitled to judgment. The fact that the applicant died from another cause does not disprove the increase of risk. We find no evidence that the insurer ever knew of the breach of the condition, and so it is plain that there is neither waiver nor estoppel.

The judgment should be affirmed, with costs.

RIPPEY, J. (dissenting). On December 13, 1939, Louis C. Katz made a written application to defendant for a policy of insurance which contained a provision that " The insurance hereby applied for shall not go into force unless * * * and then only if the applicant has not consulted or been treated by any physician or practitioner since his medical examination." His medical examination, made by defendant's physician, a report of which was made a part of the application, occurred on December 15, 1939. The medical board of defendant approved the application on December 19, 1939. On the strength of the application, the report of the medical examiner and the approval of the application by the medical board, Katz was found to be an insurable risk, the application was approved by defendant's underwriters on January 16, 1940, and the policy was issued and delivered to Katz on January 17, 1940, at which time the required premium was paid in full.

Katz, feeling indisposed, consulted physicians on January 15 and 16, 1940, and they advised him he had a duodenal ulcer. Undisputed evidence was presented from which the conclusion was permissible that such an ulcer would ordinarily disappear in short order, that he indicated no ill or disabling effects from that condition at any time and that the indisposition concerning which he consulted the physicians together with the discovered condition was trivial and not material to the insurability of the applicant. Katz died on June 8, 1940, and it is conceded that the cause of his death was coronary sclerosis, a disease entirely unrelated to and not affected or produced by the duodenal ulcer or any indisposition for which he had consulted the physicians or which they discovered on his examination.

The sole defense relied upon by defendant in this suit by the representatives of Katz to recover on the policy was the failure of Katz to advise it of his consultation with the physicians between the date of the application and the delivery of

the policy which, it is claimed, constituted a misrepresentation by the insured material to the risk. There was no claim made by defendant or evidence in the case of the fraudulent concealment of any material fact. There was no evidence that knowledge of defendant of the truth would have led to its refusal to make the contract. The trial court held, *as matter of law,* upon the authority of *Geer* v. *Union Mutual Life Ins. Co.* (273 N. Y. 261), that the misrepresentation or suppression of the truth was not material to the risk and directed a verdict for the plaintiff for the amount of the policy with accrued interest. The Appellate Division reversed and dismissed the complaint, holding, *as matter of law,* also upon the authority of the *Geer* case, that " the breach of warranty was material as it deprived the insurer of an opportunity to determine whether to accept or reject the application " (265 App. Div. 822).

By the decision in the *Geer* case, handed down March 9, 1937, this court formulated and laid down the rule upon antecedent authority that any untrue representation, however innocent, either by affirmation of an untruth or suppression of the truth, where the insured had previous notice that specified information was required by the insurance company before it would issue its policy, was, *as matter of law,* either immaterial or material to the risk according to the facts. Notoriously, to overcome the legal effect of that and previous decisions, the Legislature enacted sections 149 and 150 of chapter 882 of the Laws of 1939. By subdivision 2 of section 149, it is provided that " No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." Section 150, subdivisions 1 and 2, so far as material read: " 1. The term ' warranty ' as used in this section, means any provision of an insurance contract which has the effect of requiring, as a condition precedent of the taking effect of such contract or as a condition precedent of the insurer's liability thereunder, the existence of a fact which tends to diminish, or the non-existence of a fact which tends to increase, the risk of the occurrence of any loss, damage, or injury within the coverage of the contract. * * * 2. No

breach of warranty shall avoid an insurance contract or defeat recovery thereunder unless such breach materially increased the risk of loss, damage or injury within the coverage of the contract.   *   *   *."

The purpose of the Legislature is not open to debate. The language used is clear and unambiguous. There is no field open for construction on the question under consideration. Whether a false representation or suppression of a fact for which information is requested by the insurer as a condition antecedent to the completion of a contract of insurance tends to diminish or increase the risk of loss and is material to the risk or whether a breach of warranty, if one such exists, materially increases the risk of loss are no longer questions of law for the court but are now questions of fact which must be determined as such under rules applicable to other cases where questions of fact arise. Unless the misrepresentation or suppression of a fact or breach of warranty, if any such occurs, by the insured is found, as a fact, to be material to the risk, recovery on the contract may no longer be avoided. In no case may it now be held that recovery on a policy of life insurance may be avoided by a mere false representation or misrepresentation of a fact or by the suppression of a fact called for in an application for an insurance policy, without more, whether it becomes by statutory definition a part of the ultimate contract or a " warranty " or not. No court has the right nor will it be presumed to undertake by any process of reasoning to nullify a mandate of the Legislature so clear and unequivocal for the sake of salvaging some previous decision that may be on the books. It cannot be urged that the policy never came into being. Defendant seeks to have the contract which it made upon sufficient consideration declared void for the suppression of a material fact by the insured.

In this case the question of the materiality of the suppression of the fact that insured had visited physicians between the date of the application and the date of the delivery of the policy was sharply litigated. The evidence in the record was open for different inferences and conclusions by reasonable minds. Appellant is not foreclosed by practice in the lower courts from urging her exceptions here. The questions of fact raised on the record upon material and decisive questions should have been determined as such under applicable rules.

The judgment appealed from should be reversed and a new trial granted, with costs to appellant in all courts to abide the event.

LEHMAN, Ch. J., LOUGHRAN, CONWAY and THACHER, JJ., concur with DESMOND, J.; RIPPEY, J., dissents in opinion in which LEWIS, J., concurs.

Judgment affirmed.