ANTONIETTA GIULIANI, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Fourth Department, June 27, 1945.

*Meyer Fix* for appellant.

*Christopher H. D'Amanda* for respondent.

HARRIS, J. The plaintiff has had judgment in the trial court entered on the verdict of a jury for the amount of a policy of insurance which covered the life of her husband Lorenzo Giuliani, and in which policy written by the defendant the plaintiff was named as beneficiary. From such judgment the defendant appeals and asks that the judgment and an order denying its motion to dismiss or for a directed verdict be reversed and that either the complaint be dismissed or that there be a new trial of the issues.

On November 26, 1940, Lorenzo Giuliani made application for the policy of life insurance in the sum of $1,000, which is the subject of this action; such policy was issued on December 2, 1940, and on that day delivered to Mr. Giuliani. The proper premiums were paid. On the 18th day of April, 1942, the assured died from the effects of a brain tumor. Proper proofs of claim were filed. The insurance company relied on its defense that when the assured made out the application for the insurance (which application was attached to and formed a part of the policy) he made certain false representations which it claims were material and so caused the policy to be null and void. On trial and based on evidence, the court correctly charged the jury that as a matter of law the fact was established that the assured had failed to answer truthfully certain questions contained on the application, to wit: Question 18. " Have you ever had any of the following complaints or diseases? " (Among such diseases specified were bronchitis, disease of lungs, pleurisy, spitting of blood.) To this Mr. Giuliani replied " No." From hospital records it was shown that at one time Mr. Giuliani suffered from the disabilities named in the parenthesis just foregoing. Question 23 inquired " What clinics, hospitals, physicians, healers or other practitioners, if any, have you consulted or been treated by within the past five years? " Answering this question, Mr. Giuliani gave the name of one physician and stated that his illness was a cold. He failed to disclose that he had consulted the Strong Memorial Hospital of Rochester during the year 1938, and the records of that hospital showed that he did appear there for certain study or treatment of his condition during 1938. These records established that he had failed to answer fully that question. There is no proof that the assured died of any of the diseases or complaints concerning which he practiced concealment on the defendant, and there is no proof that

he so concealed facts purposely to defraud the insurance company. On trial and here, the plaintiff-respondent takes the position that whether or not such misrepresentations and concealments were material created a question of fact for the jury, while the defendant-appellant, on trial contended, and here asserts that the misrepresentations and concealments were material as a matter of law and so voided the policy. The trial court submitted to the jury the question of whether or not such misrepresentations and concealments were material and stated to the jury that if they concluded that the insurance company knowing the true facts, which were concealed from it, would have refused to issue the policy, then the misrepresentations and concealments were material and the policy void, and so there could be no recovery; conversely, if the jury found that the misrepresentations and concealments were immaterial and if known to the company would not have resulted in its refusing to write the policy then there could be a recovery. To such portion of the charge and to similar rulings during the trial, the defendant took proper exception.

The determination of the appeal before us depends on the construction to be given to section 149 of the Insurance Law, which became effective January 1, 1940, and which section reads as follows:

" 1. A representation is a statement as to past or present fact, made to the insurer by or by the authority of the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof. A misrepresentation is a false representation, and the facts misrepresented are those facts which make the representation false.

" 2. No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract.

" 3. In determining the question of materiality, evidence of the practice of the insurer which made such contract with respect to the acceptance or rejection of similar risks shall be admissible.

" 4. A misrepresentation that an applicant for life, accident or health insurance has not had previous medical treatment, consultation or observation, or has not had previous treatment or care in a hospital or other like institution, shall be deemed, for

the purpose of determining its materiality, a misrepresentation that the applicant has not had the disease, ailment or other medical impairment for which such treatment or care was given or which was discovered by any licensed medical practitioner as a result of such consultation or observation. If in any action to rescind any such contract or to recover thereon, any such misrepresentation is proved by the insurer, and the insured or any other person having or claiming a right under such contract shall prevent full disclosure and proof of the nature of such medical impairment, such misrepresentation shall be presumed to have been material." Particularly in point are the subdivisions numbered 2 and 3 of such section. There are to be found in the appellate courts few cases of authority on the question now before us (See *Langer* v. *Metropolitan Life Ins. Co.*, 290 N. Y. 601; *Zeldman* v. *Mutual Life Ins. Co. of N. Y.*, 269 App. Div. 53; *Tierney* v. *Travelers Insurance Co.*, 179 Misc. 604, affd. 267 App. Div. 804); this may be due to the comparatively few deaths with claims arising therefrom of persons insured after the effective date of the statute.

On trial and in line with the provisions of subdivision 3 of section 149, the defendant swore as a witness one of its local managing agents, a Mr. Segerson, who had been with the company for some forty-one years and who testified that he was familiar with the practice of the company so far as approval of applications and issuance of policies was concerned. In his occupation he has submitted many thousands of applications for insurance to the defendant. He stated that after the application left the local office and had had the approval of the manager there, it would go to the medical examiner and then to the home office in New York City where each application was passed on by a certain board who had the final say as to whether or not a policy should be issued on an application. With this final action, he had never had any connection or experience. In his opinion, based on knowledge and the experience he had had, he said that if the company had been informed of the facts concealed or misstated by Mr. Giuliani, the assured, then the company would have rejected the application and so would not have issued the policy. On cross-examination, being asked as to certain specific conditions similar to some of those concealed, he said that the company might or may have issued policies knowing such specific conditions. As to Mr. Segerson's testimony, the court instructed the jury that he, Mr. Segerson, because of his relationship to the defendant, was an interested witness and that, therefore, the jury could pass on the credibility and

dependability of his testimony. The defendant-appellant took exception to such instructions of the court and presses the point here, but when one considers that Mr. Segerson, no matter how long and wide his experience was, never finally passed on applications and when one considers the development on cross-examination of the fact that certain information may not necessarily have resulted in a rejection of the application, then it must be concluded that the trial court was correct in leaving to the jury what effect to give to the testimony of Mr. Segerson.

The Legislature must have had some important intention and reason for enacting section 149 of the Insurance Law as it now stands to take the place of the former section 58 of the Insurance Law, as enacted in 1909, and which read as follows: "*Policy to contain the entire contract; statements of insured to be representations and not warranties.* Every policy of insurance issued or delivered within the state on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the state shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, applications or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void." Prior to the enactment of section 58, and even up to the enactment of section 149, the tendency of the courts was to determine that every misrepresentation, except the most trivial ones, was material and thus voided the policy. (*Geer* v. *Union Mutual Life Ins. Co.*, 273 N. Y. 261; *Glickman* v. *New York Life Ins. Co.*, 291 N. Y. 45; *Montgomery* v. *Penn Mutual Life Ins. Co.*, 251 App. Div. 782, affd. 277 N. Y. 715; *Keck* v. *Metropolitan Life Insurance Co.*, 238 App. Div. 538.) Attention to this status of the law and its apparent unfairness to the assured has been drawn by the dissenting opinion of Judge FINCH in *Geer* v. *Union Mutual Life Ins. Co.* (273 N. Y. 261, 272) and by Judge RIPPEY in his dissenting opinion in *Glickman* v. *New York Life Ins. Co.* (291 N. Y. 45, 52). The examination of the tentative draft of the proposed Insurance Law Revision (1937) shows that in regard to what is now subdivision 2 of section 149, the comment (pp. 143 and 144) was made "The rule proposed is in accord with the able dissenting opinion by Judge FINCH, in which he relies upon the decision of the Privy Council of England". Reference in such comment was to *Geer* v. *Union Mutual Life Ins. Co.* (273 N. Y. 261) and

*Mutual Life Ins. Co. of New York* v. *Ontario Metal Products Co., Ltd.* ([1925] A. C. 344). This comment further states that under subdivision 4 as then proposed (and similar to that later enacted as subdivision 3 of section 149) "proof of what a prudent insurer would have done is merely evidence to show what the insurer in question would have done, and is not the conclusive test." Considering the background of the enactment of section 149, as briefly stated herein, it is only fair to conclude that the Legislature in enacting such section intended that, except in cases where it could be said as a matter of law that the concealment and the facts concealed or the misrepresentations and the facts misrepresented were so serious that their very seriousness would establish their materiality as a matter of law, the question of materiality as to misrepresentations and concealments was a question of fact for a jury. Taking the undisputed testimony as herein recited and as shown by the record before us and the inferences which the jury was entitled to draw from such testimony, it cannot be said as a matter of law that a prudent insurer like the defendant would have or would not have rejected the application. "An issue as to material misrepresentation, like questions as to negligence, proximate cause, and similar matters, should ordinarily be submitted to the jury; yet, just as is also true in reference to the other issues mentioned, where the evidence as a whole excludes every reasonable inference but one, the court may so rule as a matter of law." (*Preston* v. *National Life &c. Accident Insurance Co.*, 196 Ga. 217, 237, Note 148 A. L. R. 912.)

The question of materiality was properly submitted to the jury and there was sufficient evidence to sustain the finding of the jury and its verdict in favor of the plaintiff. The judgment and order of the trial court should be affirmed, with costs.

All concur. Present — TAYLOR, P. J., HARRIS, McCURN, LARKIN and LOVE, JJ.

Judgment and order affirmed, with costs.