John J. Ranellucci, Plaintiff, *v.* John Hancock Mutual Life Insurance Co., Defendant.

City Court of Albany, July 23, 1951.

*William F. McDermott* for plaintiff.

*Lester T. Hubbard* for defendant.

Myers, J. This action is brought by the plaintiff as beneficiary of a certain contract of insurance, entered into by and between the plaintiff's wife and the defendant insurance com-

pany, to recover the proceeds thereon. The answer interposed by the defendant consists of a general denial, misrepresentation and fraud.

On the 24th day of October, 1950, plaintiff's wife made application for a certain policy of insurance on her life, making an initial weekly premium payment, at that time, of fifty cents, and at the same time the defendant insurance company, through its authorized agent, delivered to the assured, its form of printed receipt, which by its terms, provided that the defendant company would pay to the plaintiff, the named beneficiary, the proceeds, in accordance with the terms of the policy applied for, in the event that the assured died on that very day or within twenty-one days thereafter. Two days thereafter, and before the issuance of any formal policy, the assured died.

No serious issue is raised by the general denial since the uncontradicted evidence discloses the death of the assured within the prescribed time, proper proof of death and notice of claim was presented to the defendant company and that by the terms of the policy applied for, the proceeds, which the defendant agreed to pay, was the sum of $720. The lack of any formal policy of insurance is of no consequence, since by the terms of the defendant company's receipt, given in return for the payment of the initial premium, the defendant company entered into a binding contract to make payment without reference to the issuance of a formal policy and without the requirement that any formal policy be in effect. Accordingly, I find that the plaintiff's wife, the assured, and the defendant entered into a binding contract, at the time of the payment of the initial premium.

The only real issue in the case is presented by the defendant's defense of misrepresentation and fraud. The evidence discloses, without any question, that the assured, by her answers to the questions on the application for insurance, made factual misrepresentation in that she failed to disclose a certain condition of vaginal bleeding which had required treatment and attendance at the Albany Hospital and from which condition she had suffered for some extended period, prior to the time of making the application in question. From the evidence, however, it appears that the cause of the assured's death was, " cerebral vascular accident or cerebral thrombosis."

Undoubtedly, and the plaintiff's attorney in his brief so concedes, under section 58 of the Insurance Law of the State of New York, prior to January 1, 1940, such misrepresentation

would be material, as a matter of law, and would vitiate the contract. However, the question presented in this case is governed by section 149 of the Insurance Law of the State of New York (L. 1939, ch. 882) which took effect January 1, 1940. (*Tierney* v. *Travelers Ins. Co.*, 179 Misc. 604, affd. 267 App. Div. 804.) There is a dearth of cases of authority in the appellate courts, perhaps by reason of the fact that comparatively few deaths have occurred with claims arising therefrom, of persons insured under contracts which became effective subsequent to January 1, 1940. However, the effect of the enactment of section 149 of the Insurance Law was raised squarely in the case of *Giuliani* v. *Metropolitan Life Ins. Co.* (269 App. Div. 376, 381, 382) and the court there discusses the matter of the construction of section 149 at some length. Under the ruling of that case, the latest expression of the courts of this State on the question whether the misrepresentation here is material, is a question of fact to be established by proper proof. To be so established, there must be evidence from which I can find that, "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." (Insurance Law, § 149, subd. 2.) It may be true, as the court stated in the *Giuliani* case, that there may be cases where the facts misrepresented are so serious that their very seriousness would establish their materiality as a matter of law. I do not find this to be the case here, since by the defendant's own evidence, in the form of testimony of its witness, Dr. Daniel F. O'Keeffe, II, the misrepresented facts would have had no effect on the assured's life expectancy. There is, therefore, insufficient evidence from which I can find that knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make the contract here in question. Even if the evidence be considered to raise a question of fact as to whether or not the defendant company would have refused to make the contract in question had it known of the facts misrepresented, in the light of the defendant's witness, Dr. O'Keeffe's testimony, that the misrepresented facts would not have had any effect upon the assured's life expectancy, I find that the defendant company, with knowledge of the misrepresented facts, would have issued such contract.

Judgment for the plaintiff in the sum of $720.