■ ANNETTE LEVANDE, Appellant, v. CANADA LIFE ASSURANCE COMPANY, Respondent. (Two Actions.) — In two actions (consolidated for trial), each to recover the face amount of a different insurance policy issued by defendant on the life of plaintiff's deceased husband, the plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered June 15, 1964 upon the court's opinion after a nonjury trial, which dismissed the complaints and adjudged that the two policies were null and void. At the commencement of the trial, the court granted the defendant's motion to discharge the jury on the ground that its defenses were equitable (CPLR 4101). Judgment affirmed, without costs. In the applications for insurance, the insured agreed that the policy should not take effect until its receipt by him and the payment of the first premium in full while the facts concerning the insurability of his life were the same as described in Parts I and II of the application. In our opinion, the evidence showed that, when the policies were delivered and the first premium paid, the insured's health was not the same as described in the two parts of his application and that such fact was not then known to defendant. Between the time of the medical examinations by defendant and the delivery of the policies, the insured had visited doctors by reason of symptoms of disease — symptoms which were not trivial and which would ordinarily act as a warning or notice, even to a layman, that his health might be impaired. Under the circumstances, there was a breach of the condition

precedent to the taking effect of the policies (*Glickman* v. *New York Life Ins. Co.*, 291 N. Y. 45; *Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449). We need not now decide whether plaintiff was erroneously deprived of her right to trial by jury of the first defense (namely, that the policies were void for fraudulent representations), which is an equitable defense; or of the second defense (namely, that the policies did not take effect by reason of the violation of a condition precedent), which is a legal defense. In any event, the dismissal of the jury was not prejudicial to plaintiff since there was no issue of fact to be submitted to a jury; if a jury trial had been had, a verdict would have been required to be directed for defendant. Beldock, P. J., Hill, Rabin and Benjamin, JJ., concur. Christ, J., not voting.