Industrial Commissioner holding claimant ineligible to receive benefits effective January 27, 1976 through March 2, 1976 because he was not available for employment in that period (Labor Law, § 591, subd 2). Claimant, a deckhand on vessels in the Great Lakes area, last worked on December 2, 1975 at which time he was laid off at the end of the Great Lakes shipping season. On January 27, 1976, claimant left by car for West Palm Beach, Florida, stopping briefly on the way at Savannah, Jacksonville, and Fort Lauderdale. He returned driving his car to New York on March 3, 1976. The board found that claimant went on a vacation trip to Florida during the period in question and that his meager efforts to find work in Florida did not constitute a meaningful search for employment during that vacation period. As there is substantial evidence in the record to support the board's findings, the decision must be affirmed (*Matter of Longabucco [Levine]*, 50 AD2d 1002; *Matter of Zaput [Catherwood]*, 25 AD2d 903). Decision affirmed, without costs. Kane, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.

## (November 24, 1976)

■ In the Matter of the Claim of JOE GREEN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board filed March 14, 1974, which affirmed the decision of a referee disqualifying claimant from receiving benefits because of voluntary leaving of employment without good cause by provoking his discharge. The board, on its own motion, reopened and rescinded its prior decision and ruled in claimant's behalf and directed that claimant be paid all benefits involved by decision dated January 27, 1975. Claimant, in his brief, concedes that he is not aggrieved by the second reconsidered appeal board decision. The decision, in claimant's favor, obviates the necessity for review of the factual situation herein. However, claimant contends that this appeal is not moot because a question of general interest and substantial public importance is likely to recur (*Matter of Jones v Berman*, 37 NY2d 42). Claimant alleges that the form decision of the board does not conform with the regulatory requirements governing the content of decisions (12 NYCRR 464.1[a]) and that it violates his due process rights since it does not state specific reasons for the decision to affirm the referee's decision. The regulations in question require that a decision of the board contain a statement of the issues, the findings of fact and conclusions and the reasons therefor. We hold that a statement by the board that it "adopts the findings of fact and opinion of the referee as the findings of fact and the opinion of the board" constitutes substantial compliance with the said regulations and does not violate any due process rights of the claimant. Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.

■ JOAN S. TOBER, Appellant, v SCHENECTADY SAVINGS BANK, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered March 11, 1975 in Schenectady County, which denied a motion by plaintiff to strike a second note of issue made by defendant for a trial without a jury. Plaintiff commenced an action to recover the proceeds due on a group mortgage life insurance policy. Defendant made a motion for summary judgment alleging the defense of material misrepresentation as a matter of law. Summary judgment was denied, the court issuing a decision stating

that there were issues of fact for the jury to determine. On October 23, 1974 plaintiff filed a note of issue with a due demand for a jury trial. On November 25, 1974 defendant filed a second note of issue for a nonjury trial, requesting that its "equitable defense" of material misrepresentation be tried before the court without a jury. Plaintiff then made a motion to strike said second note of issue filed by the defendant for a trial without a jury. By order entered on March 11, 1975, Special Term denied plaintiff's motion. From that order this appeal ensues. Defendant contends that the defense of material misrepresentation is an equitable defense and thus entitled to a separate nonjury trial under CPLR 4101. Plaintiff argues that the Supreme Court's prior determination denying a motion for summary judgment is *res judicata* on the question of whether the equitable defense of misrepresentation should be tried by a jury. CPLR 4101 states in pertinent part: "In the following actions, the issues of fact shall be tried by a jury unless a jury trial is waived or reference is directed under section 4317, except that equitable defenses and equitable counterclaims shall be tried by the court". Plaintiff argues that because the defense of material misrepresentation has a statutory basis in subdivision 2 of section 149 of the Insurance Law, it is a legal rather than an equitable defense. When an action on an insurance policy is defended on grounds of material misrepresentation, the insurance company is really asking for a rescission of the insurance contract. An action for rescission is clearly equitable in nature *(Davis v Rosenzweig Realty Operating Co.,* 192 NY 128; *Becker v Church,* 115 NY 562). *In Phoenix Mut. Life Ins. Co. v Conway* (11 NY2d 367) when an action was brought by an insurer for rescission of a life insurance policy the Court of Appeals stated: "Since the plaintiff brought the action in equity for rescission, an action unquestionably triable by a court without a jury, the defendants do not become entitled as a matter of law, constitutionally or otherwise, to a trial by jury" (p 370). Since an action for rescission of a life insurance policy is equitable in nature, such a defense is also equitable in nature *(Levande v Canada Life Assur. Co.,* 23 AD2d 669, affd mem 17 NY2d 645) and is specifically excluded from trial by jury by CPLR 4101. By plaintiff's reasoning all equitable defenses, upon statutory codification, would become legal. This logic would compel the courts to find that a defense such as fraud is not equitable because it is listed as an affirmative defense by CPLR 3018 (subd [b]). Plaintiff's contention that the doctrine of *res judicata* precluded the court from finding that a nonjury trial was mandated for the equitable defense of material misrepresentation is without merit. Special Term has stated that the statement in that decision to the effect that there were issues for trial by jury was obiter dictum insofar as a jury trial was specified. Therefore, since the issue of whether material misrepresentation is an equitable or legal defense was never previously before the court, that issue is not now barred from resolution because of the doctrine of *res judicata.* As the Court of Appeals once stated: "It is well settled * * * that 'although a decree in express terms purports to affirm a particular fact, or rule of law, yet if such fact or rule of law was immaterial to the issue, and the controversy did not turn upon it, the decree will not conclude the parties thereto' " *(Stokes v Foote,* 172 NY 327, 341). Such is the case at bar. Order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.