### AMERICAN CAS. CO. v. HEILMAN.

### No. 11071.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 21, 1951.

Decided Jan. 24, 1952.

Mr. Joseph S. McCarthy, Washington, D. C., for appellant.

Mr. Joseph W. Heilman, Washington, D. C., for appellee.

Before PRETTYMAN, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

Appellee, an insured, brought this action in the Municipal Court to recover from appellant, an insurer, certain benefits allegedly due on an accident and health insurance policy. That court, sitting without jury, gave judgment for the insurer. The Municipal Court of Appeals reversed, one judge dissenting, 1951, 81 A.2d 463, with instructions that judgment be entered for the insured in the amount which had been stipulated as due to him if there was liability under the policy. We allowed an appeal to this court because the case turns upon a question of substance not heretofore determined by this court. Rule 1 of the Rules of the United States Court of Appeals for the District of Columbia Governing review of cases from the Municipal Court of Appeals for the District of Columbia, 75 U.S.App.D.C. 415, 418. See § 11–773, D.C.Code (1940, Supp. VII).

The question to be decided is the effect to be given to a rider to the policy which provides,

"The time of commencement of sickness shall not be questionable after said Policy has been maintained in force for a consecutive period of twenty-four (24) months." The insurer defended on the ground that in the application for the policy false answers had been given by the

insured regarding past history of treatment for the very sickness out of which the claim subsequently arose. It was provided in the application that the falsity of any answer therein would act as a bar to recovery if made with intent to deceive or if it materially affected the acceptance of the risk assumed. The appellee insured contends, however, that the rider precludes any defense after twenty-four months, based upon the time of the commencement of the sickness, even a defense that the insured spoke falsely concerning that time on his application. In effect the contention is that the quoted clause is a limited incontestability clause, i. e., limited to the one subject mentioned. We agree with the court below in giving the rider this effect. Its judgment is accordingly.

Affirmed.