■ HARRY GREENHAUS, Appellant, v. AMERICAN PROGRESSIVE HEALTH INSURANCE COMPANY, Respondent.— In an action to recover expenses incurred by plaintiff during the period of his hospitalization, pursuant to the provisions of two insurance policies issued to him by the defendant insurance company, one for hospital and surgical expense and the other for hospital room expense, in which the defendant interposed (as to each such policy) defenses and counterclaims for rescission of said policies on the ground of plaintiff's alleged fraudulent inducement thereof, plaintiff appeals from an order of the Supreme Court, Nassau County, dated February 26, 1962, which denied his motion for summary judgment striking out the answer. Order affirmed, with $10 costs and disbursements. Plaintiff's motion was properly denied. In our opinion, the two-year "Time Limitation on Certain Defenses" clause, inserted in each of the policies pursuant to the requirements of the statute (Insurance Law, § 164, subd. 3, par. [A], cl. [2]), clearly reserves to the insurer the right to defend upon the ground of false and fraudulent representations in the application relating to medical treatment or to the existence or nonexistence of diseases or physical conditions prior to the effective date of coverage of the policy. On the other hand, it bars defenses based on inadvertent though incorrect statements made with respect to such matters. Therefore, defendant's defenses and its counterclaims for rescission raise issues of fact as to whether plaintiff had knowingly made false representations of material facts in order to induce defendant to issue the policies. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur. [33 Misc 2d 280.]