Thomas J. CARDEN, Plaintiff,

v.

**FIRST UNUM LIFE INSURANCE COMPANY, Defendant.**

No. 97 Civ. 9357(TPG).

United States District Court,
S.D. New York.

April 21, 1999.

James J. Wrynn, MacKay & Wrynn, Douglaston, NY, for plaintiff.

Louis M. Lagalante, Gallagher, Harnett & Lagalante LLP, New York City, for defendant.

*Opinion*

GRIESA, Chief Judge.

Plaintiff Carden brings this action to recover disability benefits under an insurance policy defendant First Unum issued to Carden on November 15, 1993. First Unum moves for summary judgment.

The motion is denied.

Carden applied to First Unum for disability insurance. The application contained answers to various standard questions concerning Carden's health and medical history. On November 11, 1993 First Unum issued a policy to Carden with an effective date of November 15, 1993. On December 1, 1993 Carden made his first premium payment on the policy.

As a condition precedent to the effectiveness of the insurance policy, all answers provided in the application for insurance completed in September and October 1993 were required to remain true and complete as of December 1, 1993 when Carden made his first premium payment on the policy.

In January 1997, more than three years after the policy was issued, Carden filed a claim for disability with First Unum. First Unum denied the claim.

First Unum makes two arguments in support of its present motion as to why it is not liable under the policy and is entitled to summary judgment. The first argument is that Carden made fraudulent misrepresentations concerning the condition of his health when he applied for the insurance and that First Unum therefore has a defense to payment of benefits under the terms of the policy. The second argument is that because Carden's misrepresentations in the application remained uncorrected as of the date of his first premium payment, he failed to comply with the condition precedent to the effectiveness of the policy, rendering it void ab initio.

Under New York law, a material misrepresentation in an insurance applica-

tion entitles the insurance carrier, within two years from the date of issue of the policy, to avoid the resulting contract of insurance or to deny recovery of benefits. N.Y.Ins.Law § 3105; *Glatt v. Union Central Life Insurance Co.*, 1994 WL 329985 (S.D.N.Y.1994).

The policy First Unum issued to Carden contains a provision allowing First Unum to disclaim benefits during the first two years after the effective date of the policy for a disability claim based on a preexisting condition that was undisclosed or misrepresented in the application. The applicable section provides:

**Preexisting Condition Limitation.** This policy does not pay benefits which are based on a preexisting condition if:

1. the preexisting condition is not disclosed or is misrepresented in the application; and

2. the preexisting condition causes a disability or other loss during the first two years after the effective date of the coverage.

Benefits will not be paid if they are based on disability that began before the effective date of the coverage.

In the present case, in order for First Unum to deny benefits on the basis of material misrepresentations in Carden's application, it must further establish that the material misrepresentations were fraudulent.

Section 3216(d) of the New York Insurance Law requires that health and disability policies contain a clause rendering the policy incontestable, except for fraudulent misstatements, after two years from the date the policy is issued. It states in relevant part:

Each policy of accident and health insurance delivered or issued for delivery to any person in this state shall contain the provisions specified herein in the words in which the same appear in this subsection, except that the insurer may, at its option, substitute for one or more of such provisions corresponding provisions of different wording ... which are not less favorable in any respect to the insured or the beneficiary....

\*    \*    \*    \*    \*    \*

(B) TIME LIMIT ON CERTAIN DEFENSES:

(i) After two years from the date of issue of this policy no misstatements, except fraudulent misstatements, made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred or disability (as defined in the policy) commencing after the expiration of such two year period.

(The foregoing policy provision shall not be so construed as to affect any legal requirement for avoidance of a policy or denial of a claim during such initial two year period....)

First Unum included a provision in the policy it issued to Carden in conformance with § 3216(d). The applicable section of the policy provides:

**Time Limit on Certain Defenses.** Except for fraudulent misstatements, we will not contest those statements made by you in the application for a coverage provided under this policy after that coverage has been in effect for two years during your lifetime.

Because First Unum has denied Carden's claim for disability benefits more than two years after the policy was issued, under the statute and under the terms of the policy, First Unum cannot avoid payment of the benefits under the policy unless Carden made fraudulent misstatements in the application.

■ Where a policy is being contested for fraud, under New York law, it is necessary for the insurer to show not only that the statements relied upon in the application were untrue, but that the insured knew them to be so and made them intentionally and with fraudulent design. *Burke v. First Unum Life Ins. Co.*, 975 F.Supp. 310, 313 n. 5 (S.D.N.Y.1997);

*Greenhaus v. American Progressive Health Ins. Co.,* 18 A.D.2d 1076, 239 N.Y.S.2d 406, 407 (2nd Dept.1963); *see also* Coach on Insurance, Chapter 72, § 75 (2d ed. rev.1983).

First Unum contends that the record conclusively shows that Carden made fraudulent misrepresentations in his answers to certain questions in the insurance application. The court disagrees. There are triable issues of fact on the question of whether Carden committed fraud. Summary judgment as to this issue is denied.

First Unum argues in the alternative that Carden failed to satisfy a condition precedent to the effectiveness of the policy because the claimed misstatements in his initial application were not true and complete upon the date of his first premium payment. It is First Unum's position that it need not show fraud in order to demonstrate the failure of the condition precedent. First Unum relies on a section of the application signed by Carden which provides:

I ... have carefully read this application and I understand and agree that:

    *     *     *     *     *     *

If I did not prepay premium with this application, insurance will be effective if a policy has been delivered to me and I have paid the first premium, provided that, on the later of the delivery date or payment date, the answers in this application and in any supplemental application, medical exam or other questionnaire are then still true and complete.

Carden did not prepay his first premium with the application, but paid it several weeks later on December 1, 1993.

First Unum argues that the failure of a condition precedent means that the policy was never effective, but void ab initio. By this reasoning, the policy would not have been in effect during the first two years after the policy was issued, or more particularly, thereafter when § 3216(d) requires proof of fraud in order for the insurer to avoid payment of benefits.

First Unum cites a number of cases which have held that a condition precedent of the same variety at issue here is enforceable and failure by the insured to satisfy the condition renders the policy void ab initio. *Levande v. Canada Life Assurance Co.,* 17 N.Y.2d 645, 269 N.Y.S.2d 430, 216 N.E.2d 594 (1966); *Glickman v. New York Life Ins. Co.,* 291 N.Y. 45, 50 N.E.2d 538 (1943); *Klein v. Prudential Ins. Co.,* 221 N.Y. 449, 117 N.E. 942 (1917); *Goldstein v. New York Life Ins. Co.,* 176 A.D. 813, 162 N.Y.S. 1088 (1st Dept.1917); *Metropolitan Life Ins. Co. v. Goldsmith,* 201 Misc. 569, 112 N.Y.S.2d 385 (N.Y.Sup.Ct.1952); *Sarubbi v. American Mayflower Life Ins. Co.,* Index No. 95/5165 (Sup.Ct. Dutchess County, 1997). These cases, however, only addressed the effect of such a condition precedent where the insurer sought to void the policy within two years from the date of issue.

No decision that the court could find has addressed the issue presented in the case at bar. Here the issue is whether the failure to satisfy a condition precedent to a contract for disability insurance, that requires all statements made in the application for insurance to remain true and complete as of the date of the insured's first premium payment, entitles the insurance carrier to void the policy on the basis of misstatements alone, and without a showing of fraud, after the two years referred to in § 3216(d).

By its terms, § 3216(d) applies to limit the use of misstatements, except fraudulent misstatements, either to deny a particular claim for recovery or to void the policy in its entirety. In connection with the latter, the effect of the statute is that contracts for insurance that might otherwise have been void as a result of misstatements in the application prior to two years from the date of issue of the policy will nevertheless be enforced after two years from the date of issue, unless the misstatements were fraudulent.

■ It is necessary to point out that the provision that First Unum included in Carden's policy pursuant to § 3216(d) fails to conform with the language of the statute. The policy states that "Except for fraudulent misstatements we [First Unum] will not contest those statements made by you in the application for a coverage provided under this policy after that coverage has been in effect for two years. . . ." In order to comply with the statute, the policy should have stated in substance that after two years from the date of issue no misstatements, unless fraudulent, will be used to *void the policy* or to deny a coverage provided under the policy. Accordingly, the language of the policy is "less favorable" to Carden than that provided by § 3216(d), and thus violates the statute.

■ The court holds that under New York Insurance law § 3216(d), *absent fraud,* a condition precedent to a contract of insurance which requires the insured to have provided true and complete statements in an application for insurance as of the date on which the initial premium is paid, cannot operate to void the policy where the insurance carrier's disclaimer is made more than two years after the policy was issued.

Defendant's motion for summary judgment is denied.

SO ORDERED